[S. F. No. 1177.   Department One.—March 24, 1899.]

JOHN B. DAVITT et al., Appellants, v. AMERICAN BAKERS' UNION, etc., et al., Respondents.

BOYCOTTING — INJUNCTION — PLEADING—UNCERTAINTY—SPECIAL DEMUR-RER.—A complaint in an action for damages and for a perpetual injunction to prevent the boycotting of the plaintiffs' business by the defendants, which deals in generalities throughout, and does not state any specific overt acts done in pursuance of the conspiracy charged, nor specify what particular threats were made, or what amount or kind of force was used, or what kind or character of menace was exercised, or how the business was to be boycotted, nor set out the substance of false and malicious publications and circulars alleged to have been pub-

lished and circulated by the defendants, in front of plaintiff's place of business, to prevent persons from dealing with them, is insufficient upon special demurrer for uncertainty, if not upon general demurrer.

ID.—PLEADING IN EQUITY.—A pleading which asks for the interposition of equitable relief must state the specific facts upon which the relief is sought; and inferences, generalities, presumptions, and conclusions have no place in such a pleading.

ID.—CONSPIRACY NOT ACTIONABLE.—A conspiracy, however atrocious its purpose, is not the subject of a civil action.

ID.—CONTENTS OF PUBLICATIONS.—The contents of the false and malicious publications and circulars alleged to have been published and distributed by defendants to injure plaintiff's business, or at least the substance of them, must be set out in the complaint, that it may appear whether or not they were upon their face injurious.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

M. Cooney, for Appellants.

George W. Monteith, for Respondents.

GAROUTTE, J.—Action for damages and perpetual injunction. A general and special demurrer was interposed to the complaint and sustained. Plaintiffs declined to amend, and judgment went against them. This appeal is from the judgment and also from the order dissolving the temporary injunction. A verified answer was filed with the demurrer. The complainant alleged that plaintiffs were copartners carrying on the bakery business; "that for the purpose of injuring plaintiff's business, and to compel them to discharge their employees, defendants have for more than sixty days last past resolved upon and conspired together . . . . and to that end and for that purpose defendants have attempted, by force, menace, and threats, to intimidate said workmen, and to prevent them from working for the plaintiffs." It is further alleged that defendants have likewise attempted, by force, menace, and threats, to compel the plaintiffs to discharge said employees; that defendants in various ways have maliciously attempted to destroy the said business of plaintiffs, and still threaten the

destruction of plaintiff's business. It is further alleged "that the said defendants during said period have maliciously continued to publish, or cause to be printed and published, distributed, and circulated, false and malicious publications and circulars upon the said premises of the plaintiffs, and in front of and in the vicinity of their said place of business, for the purpose of preventing them from carrying on their said business, and to prevent persons from dealing with them, as well as to intimidate both the plaintiffs and their employees in their conduct of the business, and in the performance of their work, and they threaten to continue to do so."

In the face of the demurrer interposed in this case the complaint must fall. Possibly, the complaint is not sufficient to stand, even against a general demurrer, but, however that may be, it surely is too weak to stand an attack made upon it by a special demurrer. This complaint deals in generalities throughout, and the rule for drafting a pleading which asks for the interposition of equitable relief demands a statement of the specific facts upon which relief is sought. Inferences, generalities, presumptions, and conclusions have no place in such a pleading. Conceding the formation of a conspiracy is charged, having for its object a common design and purpose, still we find no statement in the bill as to any specific overt acts done by defendants in pursuance of that design and purpose. A conspiracy, however atrocious its purpose, is not the subject of a civil action, for it does not damage. (*Herron v. Hughes,* 25 Cal. 560.) There is no allegation whatever showing the particular threats defendants made, what amount or kind of force defendants used, what kind or character of menace was exercised, or how the business was to be boycotted.

The allegation as to the acts of defendants in printing and circulating false publications and circulars is somewhat more specific than anything else we find in the pleading; yet that allegation is not broad enough. The substance at least of these publications and circulars should have been set out in the pleading. The pleading should show the nature of the publication. The defendants and the court are entitled to know the character of the publication. Perchance upon its face it may not have been injurious, it may not have been malicious, and it

may not have been false. For these reasons the bill should have been explicit in setting forth substantially the contents of these publications.

For the foregoing reasons the judgment and order appealed from are affirmed.

Harrison, J., and Van Dyke, J., concurred.