[Civ. No. 1276. Second Appellate District.—March 25, 1913.]

## J. D. MARTIN et al., Respondents, v. J. M. DANZIGER et al., Appellants.

INJUNCTION—GRANTING PENDENTE LITE UPON COMPLAINT ALONE.—An injunction should not be granted *pendente lite* upon a complaint alone, where a verified answer is on file explicitly and unequivocally denying the allegations of the complaint.

ID.—IRREPARABLE INJURY—ALLEGATION OF FACTS.—A temporary injunction will not issue on mere allegations of irreparable injury; facts must be stated from which the court itself may see that irreparable injury will follow unless the commission thereof is restrained.

ID.—MINES—RESTRAINING REMOVAL OF MINERALS.—In an action to determine the right to possession of land and the ownership of mineral deposits therein, where it is made to appear that the defendant in wrongful possession is engaged in removing the mineral and

converting it to his own use, or that unless restrained he will do so, it is the duty of the court, in the absence of any adequate legal remedy, to grant an injunction restraining him.

Id.—Oil Claim—Restraining Trespass—Preparation to Bore for Oil.—In an action to determine the ownership and possession of oil claims, a temporary injunction is unwarranted, if the only facts alleged as ground for the injunction, aside from the conclusions of the pleader, are that the defendants are hauling lumber upon the claims, and erecting a rig thereon to drill for oil.

Id.—Erection of Rig to Bore for Oil—Irreparable Injury.—Irreparable injury to an oil claim, which will warrant a temporary injunction, is not threatened by persons erecting a rig for the purpose of boring for oil, but not extracting oil or threatening to do so.

Id.—Ouster of Defendants—Injunction Having that Effect.—An injunction will not issue, pending an action to determine the ownership and right to possession of oil land, when the effect of the injunction will be to oust the defendants from the premises and give possession to the plaintiffs.

APPEAL from an order of the Superior Court of Kern County granting a temporary injunction. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Geo. E. Whitaker, and W. W. Kaye, for Appellants.

Lamberson & Lamberson, and Rowen Irwin, for Respondents.

SHAW, J.—Appeal from an order granting a temporary writ of injunction after hearing had upon an order requiring defendants to show cause. Respondents filed no brief. As shown by the pleadings, the controversy arose over the asserted rights of the parties to the possession of certain land which each claimed adversely to the other by virtue of having located the same as a mining claim.

The only evidence offered on the part of plaintiffs in support of the application for the writ was the verified complaint, all the material allegations of which were denied either directly by the verified answer, or allegations therein contained sufficient to negative the claims of plaintiffs. The rule is well settled that an injunction should not be granted *pen-*

*dente lite* upon a complaint alone where, in response thereto, a verified answer is filed explicitly and unequivocally denying the allegations of such complaint. (Spelling on Injunctions, 2d ed., sec. 1019.)

Moreover, conceding the facts alleged in the complaint to be true, they were insufficient to justify the issuance of the writ. The subject of the action was the right to possession of the property and ownership of the mineral deposits thereon. As to who was such owner and entitled to possession, could only be determined by the court upon trial. Where in such case it is made to appear that a defendant alleged to be in wrongful possession of the property is engaged in removing and converting to his own use mineral deposits extracted from the mining claim, or that unless restrained he will do so, then, in the absence of any adequate legal remedy, it is the duty of the court to grant an injunction restraining him from so doing, the ground therefor being the preservation of the property pending the proceedings at law for the determination of the rights of the parties. (*Le Roy* v. *Wright,* 4 Sawy., 535, [Fed. Cas. No. 8273].) Otherwise, if defendant be permitted before the trial to extract and convert the subject of the litigation, the action would afford plaintiff no remedy, since a judgment in his favor would be fruitless. In addition to the acts alleged to have been done by plaintiffs and their predecessors in interest, and which were required to constitute a valid location of a mineral claim, the only facts stated as ground for the issuance of the writ was an allegation as follows: ''On or about the 6th day of October, 1910, the defendants wrongfully and unlawfully entered upon said mining claim herein described and established a camp thereon, and have since said time attempted to drill a well for oil upon said land, but have not prosecuted the work so as to make any discovery of oil thereon, but are now engaged in hauling lumber upon said land with a view of erecting, and are now erecting a standard rig upon said land with a view of drilling for oil thereon. That the erection of such standard rig upon said land, and the operation of the same in the drilling of an oil well upon said land, will necessitate the passing of said defendants over said land with teams and vehicles of various kinds, and require the said defendants to make frequent and continued tresspasses over and across said land to

the injury of plaintiffs, and to the exclusion of plaintiffs from the full and free enjoyment of the said mining claim and to their irreparable damage, and such trespasses upon said land would necessitate a multiplicity of actions to recover damages therefor, and the drilling of a well upon said land would result in damage and injury to the plaintiffs, which damage and injury could not be estimated or compensated in an action at law for damages, and plaintiffs have no plain, speedy or adequate remedy in the ordinary course of the law." Other than the statement that defendants are engaged in hauling lumber upon the claim and erecting a rig thereon with a view of drilling for oil, the allegation consists of mere conclusions of the pleader. "Inferences, generalities, presumptions and conclusions have no place in such a pleading." (*Davitt v. American Bakers' Union,* 124 Cal. 99, [56 Pac. 775]), and mere allegation of irreparable injury constitutes no ground for the granting of the writ. (*Merced Falls Co.* v. *Turner,* 2 Cal. App. 720, [84 Pac. 241].) Facts must be stated from which the court itself may see that irreparable injury will follow unless the commission thereof be restrained. (*City Store* v. *San Jose etc. R. R. Co.,* 150 Cal. 277, [88 Pac. 977].) It is impossible to conceive how plaintiffs, pending the determination of their rights, could be irreparably injured by reason of the fact that defendants, who had been in possession of the property from October 6, 1910, to the commencement of the suit on February 27, 1911, were erecting a rig for the purpose of boring for oil. They were not extracting or threatening to extract or take oil from the ground. Conceding that doing this work necessitated defendants passing to and fro over the land to the exclusion of plaintiffs' full and free enjoyment thereof, such facts would not warrant a court in granting an injunction as was done here, restraining defendants from so doing. Defendants were, and had been for several months, in possession, and the effect of the order restraining them from going upon the land and interfering with plaintiffs' enjoyment thereof was to oust them therefrom and give possession to plaintiffs. The writ of injunction cannot be used for such purpose.

The nature of the action intended is uncertain, but whether, judged by the complaint, it be deemed one in ejectment, unlawful entry and detainer, or to quiet title, and it partakes of

the nature of all three, though apparently lacking in sufficient allegations to constitute either one of said actions, it is clear that, waiving all question as to the sufficiency of the complaint to constitute an action at law, no facts were stated therein sufficient to warrant the court in issuing the writ of injunction.

The order appealed from is, therefore, reversed.

Allen, P. J., and James, J., concurred.