## McMONIGLE v. BEHRING DREDGING CO.

(Second Division. Nome. July 29, 1916.)

No. 2670.

MINES AND MINERALS ☞38(7)—INJUNCTION—RECEIVER.

In his complaint the plaintiff claims to be the owner of the mining claim described therein. He prays for an injunction pendente lite, to prevent the defendant from dredging the gold from the claim and carrying it away before the title is settled. *Held*, the plaintiff is entitled to the relief demanded; but, owing to the peculiar hardship, that the injunction will stop the season's work of the dredge, the court offers to appoint a receiver for the gold dust, to hold it till the title to the claim can be settled in this suit, and thus allow the work to proceed.

This cause comes up at this time upon the order of this court to the defendant to show cause, if any it has, why an injunction should not be issued in the above-entitled action enjoining the defendant and all persons in privity with it from mining upon or extracting gold or gold-bearing gravel from or upon the mining claim described in plaintiff's complaint during the pendency of this action and until the title to said mining claim can be lawfully adjudicated.

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James Frawley and T. M. Reed, both of Nome, for plaintiff.

Ira D. Orton, of Seattle, Wash., for defendant.

TUCKER, District Judge. The affidavits filed by the parties hereto upon said order to show cause are, to say the least, very conflicting; but, in the view of this court, it is not necessary at this time to pass upon the merits of the respective claims made by the plaintiff and the defendant, for, in view of the authorities cited by counsel for plaintiff, upon the showing made by plaintiff, an injunction should issue to preserve the ground in question until the title thereto can be legally settled, especially since the defendant admits, in paragraph 5 of its answer herein, that it intends to, and will, unless restrained by an order of this court, dredge a portion of the channel of the Kougarok river in its course across plaintiff's alleged placer claim.

In Lindley on Mines, vol. 3, § 872, the rule is stated:

"In all cases of this character, an injunction should be granted, pending the determination of the issue as to ownership, unless it appear that the plaintiff's title is bad, or, at least, that there is no reasonable ground for the assertion of title by the plaintiff. The mere existence of a doubt as to the title does not of itself constitute a sufficient ground for refusing an injunction. Always, in questions of injunction against the working of mines, the doubt should be resolved in favor of granting the writ."

In the case of Martin et al. v. Danziger et al., 21 Cal. App. 563, 132 Pac. 284, syl. 2, the court say:

"In an action to determine the right to possession of mining claims, and the ownership of the mineral deposits thereon, where it is shown that a defendant, alleged to be in wrongful possession, is engaged in removing and converting to his own use mineral deposits extracted from the claim, or that he will do so unless restrained, in the absence of any legal remedy, it is the court's duty to grant an injunction restraining him from so doing, in order to preserve the property pending the action."

The foregoing is a very recent case, decided by the District Court of Appeal, Second District, California, in the year 1913, as is also the case of Stewart Mining Co. v. Ontario Mining Co. et al., decided in the same year by the Supreme Court of Idaho, reported in 23 Idaho, 280, 129 Pac. 932, the second syllabus of which is as follows:

"In this class of cases an injunction pendente lite, upon proper application, should be granted, unless it appears that there is no reasonable ground for the assertion of title in the plaintiff."

See, also, Buskirk et al. v. King, decided by the Circuit Court of Appeals, Fourth Circuit, 72 Fed. 22, 18 C. C. A. 418, substantially to the same effect as the foregoing cases.

However, in view of the peculiar facts in the case, and of the statement by defendant's counsel that the granting of an injunction herein will result in a suspension of the entire season's dredging operations by the defendant, this court will, if the defendant so prefers, and will consent thereto, in lieu of granting the injunction requested by plaintiff, appoint a receiver who shall have complete control over and direct the manner and extent of the dredging of the ground in controversy herein by defendant's dredge, and shall hold the gold extracted therefrom subject to the order of this court; otherwise, the temporary restraining order, granted until the hearing of the order to show cause as aforesaid, will be continued, and defendant will be enjoined as requested pendente lite, and an order may be so entered herein.