[Civ. No. 3478.  Second Appellate District, Division One.—April 12, 1921.]

## S. MORIYAMA, Respondent, v. FLOREN GROSHEN et al., Defendants; CHARLES F. VEYSEY, Appellant.

[1] INJUNCTION—REINSTATEMENT OF WATER STOCK AS APPURTENANT TO DEMISED LAND—PLEADINGS—UNAUTHORIZED TEMPORARY ORDER AGAINST MORTGAGEE.—Where in an action by a lessee to compel the lessors and the mortgagee of the demised land to reinstate and relocate certain shares of water stock as appurtenant to the land, the mortgagee by verified answer denied that the shares of stock were pledged to him, and denied that he was the purchaser of the stock or claimed to be its owner, the plaintiff was not entitled to a temporary injunction against the mortgagee.

[2] ID.—TEMPORARY INJUNCTION UPON COMPLAINT—WHEN IMPROPER. An injunction should not be granted *pendente lite* upon a complaint alone where, in response thereto, a verified answer is filed explicitly and unequivocally denying the allegations of such complaint.

APPEAL from an order of the Superior Court of Imperial County granting a temporary injunction. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Conkling & Brown for Appellant.

James L. Allen for Respondent.

CONREY, P. J.—This is an appeal by the defendant Charles F. Veysey from an order granting a temporary injunction.

The complaint alleges that on the twelfth day of September, 1918, the defendants Groshen, owners of certain land in Imperial County, leased to the plaintiff for a term of three

years the said land for farming purposes, also giving to the lessee the right to the use of the water stock located on the land; that said water stock consisted of 416 shares of stock of Imperial Water Company No. 8 owned by the lessors and appurtenant to the land, which said stock was sufficient to provide for the furnishing of water to the land; that the corporation was organized for the purpose of distribution of water for irrigation, and that by the issue of the shares of stock the company obligated itself to furnish all water to irrigate the said land for farming and domestic purposes, and that said corporation at all times had sufficient water in its canals to supply the needs of the lands of all of its stockholders and other persons entitled thereto; that said land is valueless for farming purposes except when furnished with water for irrigation. It was further alleged that defendants Groshen, being indebted to defendant Veysey, mortgaged the described land to Veysey to secure that indebtedness; that as additional security therefor the defendants pledged to Veysey their said shares of water stock; that as additional security for the protection of Veysey against sale of the water stock for delinquent assessments and for the payment of taxes defendants Groshen assigned to Veysey the rents accruing from said lands, said rents to be applied against any overdue interest owing to Veysey, except sufficient amounts to be carried to cover taxes and water assessments to keep them from becoming delinquent; that on the ninth day of October, 1918, an assessment was levied by the Water Company on said water stock, which assessment, not having been paid, was declared delinquent, and afterward, on the twenty-ninth day of November, 1918, the corporation sold ten shares of said stock to pay said assessment, and Veysey was the purchaser at said sale and now claims to be the legal owner and holder of said ten shares of stock; that the defendant corporation at all times knew of said facts existing respecting the mortgage and pledge to Veysey and his purchase of the stock at said delinquent sale; on information and belief, that said ten shares of stock had not been transferred on the books of the corporation to other lands and remains and still is appurtenant to said land, and that the Water Company "has heretofore furnished to plaintiff, as tenant of said lands, sufficient water for the

irrigation of said lands and plaintiff is entitled to have such water.'' It was further alleged that on November 29, 1918, the Water Company notified plaintiff ''that said sixteen shares of water stock had been sold and unless the owner of the land should purchase an additional sixteen shares of stock in said corporation no future delivery of water would be furnished for use on said lands; that although plaintiff has demanded that said corporation furnish water to said lands, and offered to pay for such water, the said corporation refused and still refuses to furnish any water to said lands''; that plaintiff has demanded of the defendant Veysey that he arrange with the defendant Water Company to allow plaintiff to use said water stock and procure water for use on said lands, and said defendant Veysey has failed and refused so to do; that a like demand was made of the defendant Floren Groshen, to which demand the defendants Groshen have not replied; that the plaintiff has paid the rent due and for all water used on the land. Further facts were alleged showing loss and damage suffered and that will be suffered by the plaintiff by nondelivery of the water, and that the defendants Groshen are insolvent.

The defendant Veysey in his answer (which, like the complaint, was duly verified) denied that as additional security, or otherwise, for the payment of the indebtedness of defendants Groshen to him, said shares of stock were pledged to him; denied that he is now the equitable owner of said shares of stock or of said land, or of any thereof; denied that as additional security or for the protection of Veysey against the sale of said water stock for delinquent assessments, or otherwise, or for the payment of taxes, or for any other purpose, the defendants Groshen, or either of them, assigned to him the rents accruing or arising from the land described in the lease, or any of such rents; denied that the Water Company sold ten shares of the stock mentioned in the complaint to pay any assessment, or for any purpose whatever, to the defendant Veysey, and denied that the defendant Veysey was the purchaser at any such sale, or that he is now the owner, or claims to be the owner, of said ten shares of water stock, or any water stock in said corporation whatever. There are other denials in the answer of facts alleged in the complaint, but those

herein stated are sufficient for the present purpose. At the hearing on the order to show cause which was first issued in this matter there was read in evidence, in addition to the complaint and answer, a complaint in an action commenced by Veysey against defendants Groshen on December 30, 1917, "to foreclose a mortgage on the land and shares of water stock described in the complaint herein, and in which complaint duly verified by said Veysey it was stated: 'That as collateral security for said mortgage said defendants pledged with said plaintiff 387 shares of stock in the Imperial Water Co. No. 8,'" which said stock and land were and are the same stock and land described in the complaint in this action. Said action of foreclosure of mortgage was thereafter dismissed without prejudice.

[1] From the evidence thus produced, it was established (if we may presume that the mortgage and pledge in the foreclosure action were the same mortgage and pledge referred to in plaintiff's complaint herein) that the mortgage and pledge to appellant were executed prior to the making of the lease by defendants Groshen to plaintiff. It is likewise established that appellant, under oath, by his answer, denied the equities of the complaint, in this, among other things, that he denied that he purchased any of said shares of water stock, or that he is or claims to be the owner thereof. If this be true, it would be impossible for him to comply with the injunction which commands that he "reinstate and relocate said ten shares of stock as an appurtenance to the lands described in the complaint herein."

[2] "The rule is well settled that an injunction should not be granted *pendente lite* upon a complaint alone where, in response thereto, a verified answer is filed explicitly and unequivocally denying the allegations of such complaint." (*Martin* v. *Danziger*, 21 Cal. App. 563, 564, [132 Pac. 284].) We think that plaintiff was not entitled to a temporary injunction against appellant.

The order is reversed.

Shaw, J., and James, J., concurred.