[Civ. No. 4009. Second Appellate District, Division Two.—March 28, 1924.]

FRANK M. KELSEY, Special Administrator, etc., Respondent, v. JARED H. MILLER et al., Appellants.

[1] INJUNCTIONS — ACTION TO RECOVER ESTATE PROPERTY — JURISDICTION—PRELIMINARY INJUNCTION.—In an action by a special administrator against the husband of the deceased and others to secure the possession and title of the property of the estate which he represents, the trial court, sitting in the exercise of its ordinary powers as a court of equity, has jurisdiction to grant a preliminary injunction to restrain the defendants from dealing with, and from removing from the defendant banks or from the state, any of the moneys or properties averred in the complaint to belong to the estate of the deceased.

---

1. See 14 **Cal. Jur.** 180; 14 **R. C. L.** 312.

[2] ID.—AFFIDAVITS UPON INFORMATION AND BELIEF.—The general rule is that injunctions may not be granted upon affidavits, the contents of which are stated upon information and belief.

[3] ID.—ACTION TO SECURE ESTATE PROPERTY—PRELIMINARY RELIEF —PLEADING.—In this action by a special administrator to secure the possession and title of the property of the estate which he represented, the averments of the complaint, both those positively made and those made upon information and belief, all of which passed undenied by reason of the fact that no counter-affidavits were filed in opposition to plaintiff's application for a preliminary injunction and no answer had been interposed, showed the most imperative demand for the granting of preliminary injunctive relief; and the trial court in granting such relief was guilty of no abuse of discretion.

---

(1) 32 C. J., p. 288, sec. 461.    (2) 32 C. J., p. 354, sec. 587.
(3) 32 C. J., p. 354, sec. 587.

APPEAL from an order of the Superior Court of Los Angeles County granting a preliminary injunction.    Chas. S. Crail, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Kimball Fletcher, MacDonald & Thompson and **A. P.** Thompson for Appellants.

Anderson & Anderson for Respondent.

WORKS, J.—This is an appeal from an order granting a preliminary injunction.    The order was made upon the verified complaint, there having been no showing in the cause contrary to the one made by that pleading.    The allegations of the complaint are set forth, in part, in the opinion of this court in *Miller* v. *Superior Court,* 59 Cal. App. 334 [210 Pac. 832].

[1]    It is contended by appellants that the trial court, sitting as it was in the exercise of its ordinary powers as a court of equity, was without jurisdiction to grant the preliminary injunction.    This point is made upon the ground that the relief asked for in the complaint was grantable only by the superior court in the exercise of its probate jurisdiction in the matter of the Estate of Mary Moore Miller, Deceased. This point, however, is no longer open, as it was settled adversely to the contention of appellants in *Miller* v. *Superior Court, supra.*

Appellants' next contention is that the complaint fails to allege facts warranting the issuance of the preliminary injunction, which, to state its effect in general terms, restrained appellants from dealing with, and from removing from defendant banks or from the state, any of the moneys or properties averred in the complaint to belong to the Estate of Mary Moore Miller, Deceased. In passing upon this contention it becomes pertinent to state allegations of respondent's pleading which were omitted from the opinion in *Miller* v. *Superior Court, supra,* as unnecessary to a decision of the points there considered, in addition to the averments there set forth. It is alleged that, upon information and belief, Jared was never the husband of Mary, but that for the purpose of cheating and defrauding Mary and her estate, and in connivance with his present wife, appellant Cecil, formerly known as Cecil A. Sheward, he falsely and fraudulently induced Mary to believe and she did believe during her lifetime that she was his lawful wife; that on or before August 15, 1915, and for a number of years theretofore, Jared was the legal husband of one Irene E. Miller; that on August 15, 1915, an action for divorce was commenced by Irene against Jared in the superior court of the state of California, in and for the county of Alameda; that on August 30, 1915, he filed his answer to the complaint in that action; that on September 28, 1915, an interlocutory decree of divorce was rendered in favor of the plaintiff in that action; that prior to October 13, 1915, at Memphis, Tennessee, and prior to the making or entry of any final decree in the divorce action, Jared went through a purported marriage ceremony with Mary; that Cecil A. Sheward loaned or supplied to Jared the funds necessary to enable him to proceed from California to Memphis for the performance of that ceremony and also the funds with which he paid the expenses of a trip with Mary following the ceremony; that Cecil A. Sheward was one of the witnesses to the will of Mary; that Jared alleged in his petition for letters testamentary in the matter of the Estate of Mary Moore Miller, Deceased, that the property of the estate in Los Angeles County, where he and Mary had resided since their purported marriage, did not exceed in value the sum of $1,350 and that there was other personal property of the estate in Michigan of the value of $7,500; that this allegation was

false and fraudulent and that, upon information and belief, there was then personal property of the estate under the control of Jared of the value of more than $200,000, and that the estate was then also the owner of real property of large value; that unless restrained by the court Jared will, as plaintiff is informed and believes, embezzle the property of the estate in his hands and remove the same from the state; that, upon information and belief, Jared and Cecil have conspired together and are conspiring together for the purpose of defrauding the estate of Mary of the money and properties of the estate held by Jared, and that the latter will, unless restrained, transfer the same to Cecil for further concealment and for the purpose of having said moneys and properties taken out of the state; that, upon information and belief, Jared and Cecil, unless restrained, will remove the said moneys and properties from the state; and that, upon information and belief, a large portion of said moneys and properties are kept by Jared and Cecil in safe-deposit boxes of the banking corporations defendant.

In support of their contention that the complaint, considered as an affidavit, does not show evidence sufficient to warrant the issuance of the preliminary injunction ordered by the trial court, appellants rely upon *Davitt* v. *American Bakers' Union*, 124 Cal. 99 [56 Pac. 775], *Bishop* v. *Owens*, 5 Cal. App. 83 [89 Pac. 844], *Willis* v. *Lauridson*, 161 Cal. 106 [118 Pac. 530], and *Martin* v. *Danziger*, 21 Cal. App. 563 [132 Pac. 284]. None of these cases has an application to the present controversy. We have not here a pleading containing the generalities and conclusions which were the subject of attention in each of the cases cited. The complaint before us is illuminatingly specific. **[2]** The only difficulty lies in the fact that many of its averments are made upon information and belief, and we say this for the reason that the general rule is that injunctions may not issue upon affidavits, the .contents of which are stated upon information and belief. **[3]** Doubtless appellants intended to rely upon this point, although they do not argue it, as it is hinted at in one of their briefs. For the purpose of considering it we have been careful, in stating the allegations of the complaint, to designate those which are made upon information and belief, leaving it to be understood that those not so designated are made posi-

tively. It is to be observed, then, in considering the applicability here of the rule of law last mentioned, that: 1. Several important allegations of the complaint are not made upon information and belief. 2. Those which are so made pertain to matters which were peculiarly within the knowledge of appellants. 3. Although the preliminary injunction was issued after hearing pursuant to an order to show cause, no counter-affidavits were filed nor was an answer interposed, every averment of the complaint thus passing undenied. 4. If the allegations of the complaint, both those positively made and those made upon information and belief, are true, those allegations showed the most imperative demand for the granting of preliminary injunctive relief. Under such circumstances we are bound to say, not merely that the trial court was guilty of no abuse of discretion in making its order, but that the order was most proper. In a case in which a preliminary injunction had been granted upon the complaint and in which the defendant filed an answer and moved to dissolve the injunction, the supreme court said: "Some of the averments of the complaint, 'upon information and belief,' are not denied by the answer; others were sustained by positive affidavits at the hearing. Assuming the allegations which are not denied by the answer, those which are themselves positive, and those sustained by positive averments in affidavits to be true, we cannot say the court below abused its discretion in refusing to dissolve the injunction" (*Hiller* v. *Collins*, 63 Cal. 235).

Suggestion has been made to us, since the foregoing was written, that the action has been dismissed as to appellant Cecil A. Sheward Miller. The order from which the present appeal is prosecuted therefore no longer stands as to that appellant.

Order affirmed.

Finlayson, P. J., and Craig, J., concurred.