[Civ. No. 5868. Third Appellate District.—July 20, 1937.]

PROVIDENT LAND CORPORATION (a Corporation), Appellant, v. PROVIDENT IRRIGATION DISTRICT (an Irrigation District) et al., Respondents.

Louis Bartlett and W. S. McGuire for Appellant.

George R. Freeman for Respondents.

PLUMMER, J.—This action was begun by the plaintiff for the purpose of enjoining the district-defendant from entering

into a proposed lease with one A. E. Moutrey, pursuant to a resolution passed by the board of directors of said district, on or about the 5th day of August, 1936. A temporary restraining order was issued, and upon the hearing of cause, the court dissolved the temporary restraining order and sustained the defendants' demurrer to the amended and supplemental complaints filed by the plaintiff.

The plaintiff sought to enjoin the district and its officers from selling or leasing any land within the district except upon open and free selling and leasing of the same. The respondents' general and special demurrers were sustained without leave to amend. From the judgment of dismissal, after sustaining the general and special demurrers aforesaid, the plaintiff appeals.

Section 29 of the California Irrigation District Laws was amended in 1935 (General Laws 1935, page 1135), by adding thereto the following words: "The Board of Directors of said District is hereby authorized and empowered on behalf of the District to hold, use, acquire, manage, occupy, possess, sell or lease said property, as herein provided." The section was further amended, but what we have quoted is all that is pertinent to this case.

It appears from the complaint that several thousand acres of land belonging to the district are leased by the board of directors for the purposes of rice culture. The complaint sets forth that the leases were made without publication, and without notice to the appellant. Section 29, *supra,* does not set forth any procedure concerning the leasing of lands belonging to an irrigation district. It simply authorizes and empowers the board of directors of the district to execute leases of lands which have come into the possession or control of the district.

While a number of objections to the amended and supplemental complaint have been interposed by the defendants in the demurrers filed in this cause, it seems unnecessary to consider the specific grounds of demurrer in detail. Both the amended and supplemental complaints contain general allegations only. Such a pleading, in asking for injunctive relief, is almost universally held insufficient.

In 14 California Jurisprudence, page 260, section 66, it is said: "A complaint asking injunctive relief should, of course, contain a statement of facts sufficient to warrant the issuance

of the writ. The pleader should state the specific facts upon which the relief is sought; inferences, generalities, presumptions and conclusions have no place in such a pleading. Allegations of mere conclusions of law tender no issue and must be disregarded, and a complaint which depends upon such conclusions and does not state the facts upon which the legal conclusions are based, is insufficient upon general demurrer.''

After setting forth the fact that the plaintiff is the holder of bonds issued by the district, the number of acres of land which have come into the possession of the district, the number of acres of land proposed to be leased, and the names of the officers of the district, the fact that the plaintiff has offered to cooperate with the board of directors in leasing and selling the land, the complaint alleges as follows: ''Upon information and belief that it is now the purpose of said Board of Directors, under the control and direction of said Moutrey and Clark, to transfer by lease or by deed and for an inadequate consideration the best portions of the lands now owned or that may hereafter be acquired by the District and then to permit the grantees, as previously, to operate said land and appropriate the proceeds for three years without paying anything to the District therefor. And continue the process until enjoined. That said Directors refuse to permit the open and free leasing and sale of the District's lands, at its fair market value, or to permit intending purchasers and lessees of such lands to openly and freely bid for the lease or sale thereof. That refusal of the relief here sought will result in multiplicity of suits. That upon such refusal it will be necessary for the plaintiff and others interested to bring a separate action to set aside each lease or sale made for an inadequate consideration.''

The complaint further alleges that the plaintiff has produced responsible purchasers and lessees for the district's land, but that defendants have refused, and still refuse to consider any such lessees and purchasers, and refuse to sell or lease any land to the persons so offering to buy or lease.

Here, absolutely no specific facts are stated from which the court could infer that the conclusions drawn by the pleader were or are correct. The responsible persons alleged to have been found by the plaintiff are not named. There is nothing in the complaint which indicates that the so-called

responsible persons have offered to pay any sum to the district on account of any leases that might be executed, nor does the complaint show that any particular sum is a fair market value to be paid per acre for any leases that might be executed by the district. All that is said is that the proposed lessees were willing to pay the fair market value for the lands that should be leased. Without any further details as to who the so-called responsible persons might be, or the amount of money which the so-called persons were willing to pay per acre for any lands that might be leased to them by the district, no showing whatever is made upon which the court could base any conclusion that either a just or fair market value was offered to be paid for the leases, nor could the court conclude from the mere general statement that any responsible persons had actually offered to lease any of the lands of the district. There is no showing, either, as we have said, of the fair market value of the leaseholds of the lands held by the district.

While the complaint alleges that the plaintiff learned that the district proposed to lease approximately 1200 acres of its land at a rental less than that theretofore charged by the district, and commonly charged for similar land, the proposed rental is not mentioned, nor are there any facts stated showing what rental is paid for similar land, or whether the rental paid for similar land is a just and fair market value.

An allegation that the officers of the district are about to transfer by lease or deed, for an inadequate consideration, the best portions of the lands now owned by the district, does not contain any statement of facts upon which the court could conclude that an injunction should be issued. Likewise, the statement that the directors refused to permit the open and free leasing and selling of the district lands at its fair market value, or to permit intending purchasers and lessees of such land to openly and freely bid for the lease or sale thereof, constitutes only a conclusion. No showing is made of what is an inadequate consideration, and no showing of any specific acts constituting refusals on the part of the board of directors as herein alleged.

As stated in the case of *Kelsey* v. *Miller*, 66 Cal. App. 386 [226 Pac. 630], the general rule is that injunctions may not be granted upon affidavits, the contents of which are stated upon information and belief. That rule, applied to the

instant case, would show an injunction should not be issued upon a complaint when all the allegations are general, showing that the complaint is founded simply upon information and belief, and contains absolutely no specific instances or facts supporting the conclusions of the pleader.

In the case of *Brown* v. *Rea,* 150 Cal. 171 [88 Pac. 713], the court held that a complaint seeking damages or an injunction which failed to show any specific acts, was insufficient to justify the granting of an injunction, or of a restraining order. The two cases which we have cited, and the reference to Corpus Juris, established that the complaint in this action, for the reasons which we have set forth herein, is insufficient to justify the issuance of an injunction, or to state a cause of action therefor, and that the demurrer of the defendants was properly sustained.

A great many other questions were tendered by the pleadings in this action, but as the judgment must be sustained for the reasons which we have set forth, it is unnecessary to extend the length of this opinion by considering any additional grounds of demurrer interposed by the defendants.

The judgment is affirmed.

Pullen, P. J., concurred.