[L. A. No. 1471.   Department One.—August 30, 1906.]

# EDWIN R. FOX, Appellant, v. W. H. TOWNSEND et al., Defendants; R. P. MUDGE, Respondent.

APPEAL—ORDER VACATING JUDGMENT—SERVICE BY PUBLICATION—PRE-SUMPTIONS.—Upon an appeal from an order vacating a judgment by default as against a defendant served only by publication of summons, made within one year after the rendition of the judgment, under section 473 of the Code of Civil Procedure, where the record consists only of the original judgment-roll and the order setting the judgment aside, without any bill of exceptions, and does not disclose the ground on which the motion was based, every presumption is in favor of the action of the lower court, and it must be assumed that a sufficient showing was made to warrant the order setting aside the judgment as to such defendant.

ID.—GROUND OF ORDER URGED IN BRIEF—INSUFFICIENCY OF AFFIDAVIT FOR PUBLICATION. — A statement in appellant's brief that the ground of the order setting aside the judgment was that the affidavit for publication was insufficient in its allegations as to his residence out of the state constitutes no part of the record; and though the court is inclined to the opinion that the affidavit was insufficient to confer jurisdiction as to the respondent, the question is not necessary to be determined.

ID.—POWER AND DISCRETION OF COURT—REGULARITY OF PROCEEDINGS.— The respondent not having been personally served with summons, the superior court had the power, under section 473 of the Code of Civil Procedure, upon a proper showing and in the exercise of a sound discretion, to set aside the judgment as to him, and to allow him to answer to the merits at any time within one year after the rendition of the judgment, even though the proceedings by publication were entirely regular and the judgment was valid upon its face.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order setting aside an original judgment by default.   M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Cole & Cole, for Appellant.

O. B. Carter, for Respondent.

ANGELLOTTI, J.—Plaintiff instituted this action to quiet his title as to various lots of land in the city of Los Angeles, against many defendants, including R. P. Mudge.   As to

most of said defendants, including Mudge, the only attempted
service of summons was by publication. As to said defend-
ants, they not having appeared, default was entered on Oc-
tober 3, 1902, and judgment was rendered on said default in
favor of plaintiff and against said defendants on December
23, 1902. On July 3, 1903, the trial court made an order
granting a motion of defendant Mudge to set aside a judg-
ment as to him, and allowed him to answer to the merits
of the original action, which he did on the same day, dis-
claiming any interest in the land described in the complaint,
except one lot, as to which one lot he denied plaintiff's claim
of ownership and alleged title in himself. On the issues thus
made, the cause was tried as between the plaintiff and Mudge,
and the trial court found in favor of Mudge, and gave judg-
ment in his favor as to said lot. Plaintiff appeals from the
order of July 3, 1903, setting aside the original judgment
against Mudge, and also from the judgment finally entered in
favor of Mudge, his only contention being, however, as to the
order setting aside the original judgment. If that order was
correctly made, there is no error shown by the record as to
the subsequent proceedings.

The record on appeal consists solely of the judgment-roll,
and the order setting aside the original judgment, there being
no bill of exceptions. The record does not disclose the ground
upon which the motion to set aside the judgment was based,
or upon which the lower court acted, showing simply that a
motion of Mudge to set aside the judgment was granted, and
Mudge allowed to answer to the merits.

Appellant in his brief states that the ground upon which
the original judgment was set aside as to Mudge was that it
was void for the reason that the court had not acquired juris-
diction as to him on account of the insufficiency of the affidavit
for the publication of summons in its allegations as to his
residence out of the state. He then attempts to show that the
affidavit was legally sufficient in this respect to support the
order for publication of summons, and hence that the judg-
ment based thereon was not void upon its face. While we are
inclined to the opinion that the affidavit was insufficient to
support an affidavit for publication as to Mudge, and that
the publication was, as to him, ineffectual to confer jurisdic-
tion, it is not necessary to here determine that question. The

statement in the brief as to the ground upon which the motion was granted constitutes, of course, no part of the record. On appeal every presumption is in favor of the action of the lower court, and if there be any ground consistent with the record upon which that action may be sustained, we are bound to sustain it.

As will be noted from what has already been said, the motion to set aside the judgment was granted within a year after the rendition of the judgment. Section 473 of the Code of Civil Procedure provides: ''When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time *within one year after the rendition of any judgment in such action,* to answer to the merits of the original action.'' Mudge not having been personally served with summons, the superior court had the power under this provision, upon a proper showing and in the exercise of a sound discretion, to set aside the judgment as to him and allow him to answer to the merits at any time within one year after the rendition of the original judgment against him, even though the proceedings by publication were entirely regular, and the judgment, therefore, valid on its face. This was exactly what the lower court did in this case. Whether or not the circumstances shown to the court on the hearing of this motion were such as to justify the making of the order is a question that we cannot determine in the absence of a record showing the facts presented to that court. In the absence of a showing to the contrary we must here assume that a sufficient showing was made to warrant that court in exercising the power conferred by section 473 of the Code of Civil Procedure. There is, therefore, no warrant for reversing the order setting aside the original judgment as to Mudge.

The judgment and order appealed from are affirmed.

Shaw, J., and Sloss, J., concurred.