[Civ. No. 492. Second Appellate District.—May 15, 1908.]

JAMES F. WOOD and NANNIE WOOD, Respondents, v. FRANKLIN H. JOHNSTON and JAMES E. BYRNE, Appellants.

CROSS-COMPLAINT — PLEADING BY DEFENDANT — SERVICE — JUDGMENT BY DEFAULT.—Under section 422 of the Code of Civil Procedure as amended in 1907, a cross-complaint is designated as a pleading on the part of the defendant. The mode of service thereof is regulated by section 465 of the Code of Civil Procedure, and service may be made upon the plaintiff or his attorney, and if the plaintiff's attorney has acknowledged service of the cross-complaint, and plaintiff has failed to answer it within the time limited, a judgment by default may be entered against him thereupon.

ID.— ORDER VACATING JUDGMENT — IMPROPER GROUND — MOTION UNDER CODE — EXCUSABLE NEGLECT — AFFIDAVITS NOT IN RECORD — PRESUMPTION UPON APPEAL.—Though an order vacating the judgment

by default against the plaintiff purports to be based upon the untenable ground that the cross-complaint was not properly served; yet, where the motion by plaintiff for relief was made under section 473 of the Code of Civil Procedure, on the ground of inadvertence, surprise and excusable neglect, and affidavits are shown to have been used upon the hearing which are not set forth in the record upon appeal from the order, all intendments are in favor of the order, and it must be presumed that the affidavits were sufficient to justify the granting of the motion.

APPEAL from an order of the Superior Court of Los Angeles County vacating a judgment by default. W. P. James, Judge.

The facts are stated in the opinion of the court.

Taylor & Forgy, and James E. Byrne, for Appellants.

G. A. Gibbs, for Respondents.

SHAW, J.—This is an appeal from an order of court setting aside plaintiffs' default for failure to answer defendants' cross-complaint and vacating a judgment rendered thereon.

At the same time, and with their answer, defendants filed a cross-complaint wherein they asked for affirmative relief against plaintiffs. Copies of both the answer and cross-complaint were delivered to plaintiffs' attorney, who acknowledged service thereof by indorsing thereon the following: "Received copy of the within answer and cross-complaint this 18th day of November, 1907," followed by his signature as the attorney of plaintiffs. Plaintiffs failed to answer or otherwise plead to the cross-complaint within the time required; whereupon, defendants caused their default to be entered and judgment thereon was duly rendered by the court as prayed for in the cross-complaint. Thereafter, plaintiffs moved the court to set aside the default and vacate said judgment on the ground of inadvertence, excusable neglect and surprise. The motion was made upon the files and records in the case and supported by an affidavit of plaintiffs' attorney setting forth the facts alleged to constitute the excusable neglect, surprise and inadvertence.

Upon the hearing the court made an order granting the motion, not, however, upon the grounds upon which the same was made, but, as expressed in the order, upon "the ground that said default and judgment were entered without jurisdiction, no sufficient proof of service of said cross-complaint appearing to have been furnished." The question, therefore, fairly presented by the appeal is the sufficiency of the service of the cross-complaint. The record clearly shows that it was *duly* served upon plaintiffs' attorney of record. The effect of the order as made was to hold that such service was a nullity, and hence the failure of plaintiffs to answer did not warrant the entry of their default, nor confer upon the court jurisdiction to render judgment thereon. In thus holding we think the court erred.

Section 442, Code of Civil Procedure, as amended by act approved March 20, 1907 (Stats. 1907, p. 706), provides that "whenever the defendant seeks affirmative relief against any party *to the action,*" etc. (the amendment consists in adding the last three words italicized after the word "party"), he may, in a proper case, file a cross-complaint, which must be served upon the parties affected thereby. There is nothing contained in the section which indicates how the service may be made upon such party. By reference, however, to section 465, Code of Civil Procedure, we find that "all pleadings subsequent to the complaint must be filed with the clerk and copies thereof served upon the adverse party, or his attorney." By the express provisions of section 422, Code of Civil Procedure, as amended by act approved March 20, 1907 (Stats. and Amendts. to Codes, 1907, p. 705), the cross-complaint is designated as a pleading on the part of the defendant. This being true, it follows that the service is sufficient under said section 465 if made upon either the adverse party or his attorney. In the case at bar, the written acknowledgment of service of the cross-complaint indorsed thereon and signed by plaintiffs' attorney is sufficient proof of due service of the cross-complaint, and warranted the entry of default and conferred upon the court, jurisdiction to render the judgment thereon.

Respondents contend that, conceding the service of the cross-complaint to have been sufficient, the order appealed from should nevertheless be sustained under the provisions

of section 473, Code of Civil Procedure, upon the ground of inadvertence, surprise and excusable neglect. The motion was granted, and as every intendment is in favor of the judgment of the trial court, its action must be sustained, unless it affirmatively appear that the order granting the motion was erroneously made. In other words, unless it appear from the record that there were no grounds upon which the order could have been made, we must presume it was properly made. It appears from the order from which the appeal is prosecuted that affidavits other than the one set out in the transcript were used at the hearing and filed herein. As these affidavits are not before this court, we are unable to say that they did not contain a sufficient showing, both as to the grounds for the motion and merits of the action, to justify the granting of the motion.

There is no merit in the contention that the motion should be limited to an attack upon the judgment only. Taken as a whole, the notice is sufficient to support the motion to vacate both default and judgment.

The order is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 13, 1908, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 9, 1908.