[Civ. No. 5164. Second Appellate District, Division Two.—March 4, 1929.]

E. R. RICHEE, Respondent, v. GILLETTE REALTY COMPANY (a Corporation), Appellant.

Dudley Robinson for Appellant.

Burke & Pennington for Respondent.

THOMPSON (IRA F.), J.—A complaint was filed in the court below to recover on two promissory notes, which are

set out *in haec verba,* each containing the following clause: "And in case suit or action is instituted to collect this note, the Gillette Realty Company, a corporation promises to pay, besides the costs and disbursements allowed by law, such additional sum as the court may adjudge reasonable as attorney's fees in such suit or action." The prayer of the complaint is for the amount of the notes, interest and such attorney's fees as the court may adjudge reasonable. The defendant, the Gillette Realty Company, failed to appear, and after default the court rendered judgment in the sum of $1,306.65, of which amount it is conceded $1,206.06 represents principal and interest, and $106.61, the amount determined by the court to be reasonable as attorney's fees. The appeal is from the judgment.

█ Appellant asserts that the judgment is unwarranted and excessive because respondent failed to plead that the sum of $106.61, or some other sum, was a reasonable sum to be allowed as attorney's fees. There is a familiar rule of law applicable to cases where answer has been filed and judgment has been rendered that "in order to warrant a reversal upon the ground of error in overruling a demurrer interposed upon the ground of uncertainty in the complaint, it must appear that some substantial right of the defendant has been affected, some prejudicial error, as distinguished from abstract error, suffered by him, or he has no room for complaint." (*Rooney* v. *Gray Bros.,* 145 Cal. 753 [79 Pac. 523]. Also see *Krieger* v. *Feeny,* 14 Cal. App. 538 [112 Pac. 901], and cases there cited.) █ Another method of phrasing a very similar principle is that "where a fact is stated only inferentially and no demurrer is interposed, the pleading will be held good after judgment." █ Applying the good sense of these statements to the present situation, it is immediately apparent that the plaintiff sought to recover a reasonable attorney's fee in accordance with the promise of appellant to pay the same. It could make no difference in the actual result that respondent did not allege that the sum of $106.61, or some other designated amount, was a reasonable sum to be allowed as attorney's fees. The appellant by its silence and nonappearance signified its assent to the rendition of the judgment as prayed for and its willingness that the court

determine a reasonable amount which it had agreed to pay. The court would have been under the necessity of determining the reasonableness of the amount to be allowed in any event. The appellant is not prejudiced or harmed in any degree.

The case of *Alexander* v. *McDow*, 108 Cal. 25 [41 Pac. 24], was an action upon a promissory note and is very much in point here. Judgment was entered by default and contained an award of attorney's fees. The note was set out *in haec verba* in the complaint and contained a stipulation for the payment of "ten per cent of the total amount due for attorney's fees in the collection of this note, when collection is made by attorney or other officer." The prayer of the complaint demanded judgment for the amount of the note, interest, costs, and "ten per cent on the amount which may be found due on principal and interest for attorney's fees incurred in the collection of this note." The court there said: "We think, also, that there is sufficient in the complaint to support the allowance of attorney's fees. The note, which is set forth in full, provides for them, and the prayer of the complaint asks for them, . . . " There is no appreciable difference between the facts in the above-mentioned case and the case here.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.