[Civ. No. 7700.   First Appellate District, Division Two.—December 23, 1930.]

J. & W. C. SHULL (a Corporation), Appellant, v. F. P. DOERR et al., Defendants; SILVIO OSTI, Respondent.

Leslie H. Krantz for Appellant.

Bigby & Boone for Respondent.

STURTEVANT, J.—This is an action to foreclose a mechanic's lien. The plaintiff's complaint named F. B. Doerr and Silvio Osti and a number of fictitious individuals as defendants. The record discloses that summons was served on Doerr, that he did not answer, and that his default was entered. The record also discloses that summons was served on the defendant Osti, that he did answer, and that as to him a trial was had before the court sitting without a jury. The court made findings in favor of the defendant and from a judgment entered thereon the plaintiff has appealed, and has brought up typewritten transcripts.

The plaintiff claims that the trial court erred in vacating the judgment without vacating the default; that it also erred in setting aside the default after considerable lapse of time; and that no estoppel arose against the plaintiff by reason of the issuance by it of a certain receipt. We will discuss the foregoing points in the order stated. The attack on the motion to set aside the judgment and the claim that the default in name was not set aside are questions not supported by the record before us. In the clerk's transcript appear what purport to be two judgment-rolls. The first judgment-roll contains a copy of a judgment which purports to be a default judgment against the defendant Doerr and the defendant Osti, and is dated the fourth day of June, 1927. The transcript does not contain any attack thereon, nor any order vacating or setting it aside. In the second judgment-roll appears a set of findings. Those findings recite that a former judgment was set aside. The judgment in the second roll contains a similar recital. The record is wholly silent whether the same was set aside by the stipulation of the parties or on motion, and if the latter, on what grounds, on whose motion, and at what time the order was made. In support of the judgment we must assume that at a proper time and in a proper manner the first judgment was set aside. In this connection we are not at liberty to look at certain statements of fact that appear merely in the briefs. The plaintiff's complaint appears to be in ordinary form. The contract for building the house was $5,500. Early in 1924 Silvio Osti as

owner and F. P. Doerr as contractor agreed upon the contract. By its terms the owner executed to the contractor his promissory note in the sum of $5,500 and executed a mortgage to secure its payment. Both instruments were delivered and the mortgage was recorded February 16, 1924. It is alleged that the plaintiff's claim for lumber and materials amounted to $1198.35. The record does not show the exact date of the completion. The claim of lien was filed July 30, 1924. That lien was subordinate to the mortgage lien. ▮ In his answer, defendant set forth certain denials and then he pleaded an estoppel. The estoppel so pleaded among other things consisted of the following facts: After the building had been completed Doerr proceeded to negotiate a sale of the note and mortgage that had theretofore been executed by the defendant. He applied to the Downey Finance Company as a prospective purchaser. That company stated that it would purchase the note and mortgage if there were no liens on the property and if there was no other defense to the note and mortgage. Upon the request of that company Doerr applied to this plaintiff for a receipt in full. The plaintiff executed the receipt under date of May 10, 1924. Doerr then exhibited that receipt to the defendant. After examining the receipt, acting on the request of the Downey Finance Company, this defendant executed a written disclaimer in which he disclaimed that there were any offsets or other defenses to said note and mortgage. At the time of the assignment the defendant had made some small payments pursuant to the terms of his note. Acting on the information which he had, thereafter he proceeded to make his payments promptly to the Downey Finance Company and at the time of the trial had entirely paid off the mortgage lien. The plaintiff asserts that there could be no estoppel unless respondent in some manner relied on the said receipt to his financial detriment. That is true but the evidence shows that the defendant did suffer the financial detriment. Every payment he made on the mortgage after seeing the receipt dated May 10, 1924, was such detriment. If the receipt had not been exhibited to him his property was subject to the mortgage lien and in order to recover as on a mechanic's lien the plaintiff would have been compelled to buy up the mortgage lien. But having caused the receipt to be published the defendant was lulled

to sleep and was caused to pay off the note and mortgage and thus make it possible for the purported lien of the plaintiff to become the only lien. Furthermore if the false receipt had not been published and if the defendant had been informed of the true facts he never would have issued the written disclaimer. If that had never been issued the Downey company would not have purchased the note and mortgage and the burden would have rested where it rightfully belonged, to wit, on Doerr.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.