[Civ. No. 7883. Second Appellate District, Division Two.—August 28, 1933.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. JOHN AGARDY et al., Defendants; JENNIE RILEY et al., Respondents.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney and Arthur W. Nordstrom and C. N. Perkins, Deputies City Attorney, for Appellant.

Edward Brody and A. H. Swallow for Respondents.

STEPHENS, J.—■ The basic facts of this appeal are the same as those of *City of Los Angeles* v. *Agardy,* Civil No. 7785, *(Cal. App.) 24 Pac. (2d) 915, which opinion is this day filed, and the reasons for the decision herein are expressed in such opinion. This appeal is on behalf of the City of Los Angeles from an order of the court taxing costs.

Respondents are entitled to a dismissal and to the ordinary costs of the trial, and the order is to that extent affirmed, but the order is reversed as to the allowance of appraisers' fees other than ordinary witness fees and reversed as to the allowance of attorneys' fees. Each side is to bear its own costs on this appeal. The cause is remanded and the superior court is directed to enter judgment in accord herewith.

Works, P. J., and Craig, J., concurred.

STEPHENS, J.—This is an appeal by the plaintiff from a judgment of dismissal entered in the superior court for defendants William L. and Jennie Riley. The facts are stated in the opinion.

In an eminent domain action under the Street Opening Act of 1903 (Stats. 1903, p. 376, as amended) the question of a proper award to defendants Riley for property to be taken was heard and determined by a board of referees and subsequently by the court upon exceptions. The court made its interlocutory judgment and caused the same to be entered August 17, 1925. On August 6, 1926, an injunction was issued in *Blackburn* v. *City of Los Angeles,* superior court number 199097, the full effect of which is in dispute in the instant case and will hereinafter be discussed. Thereafter the city attorney reported to the council in part: "This injunction prevents any further steps being taken to complete this proceeding. I would suggest that you consider the matter with reference to commencing new proceedings." The council thereupon instructed the city attorney to prepare

and present to the council an ordinance abandoning the proceedings, but no further action was ever had on this resolution by the city attorney or by the city council. Thereafter, however, proceedings were had to accomplish exactly the same improvement under another ordinance. On June 14, 1930, defendants Riley filed a notice of motion to dismiss the original action on the ground that "the same has been abandoned by the plaintiff" and for judgment of dismissal with costs and attorney's fees under section 1255a of the Code of Civil Procedure. The city claimed that its acts could not be construed to amount to abandonment, but the court held otherwise and granting said motion further adjudged that the Rileys should recover their costs and expenses, including reasonable attorney's fees taxed in the sum of $4,335.00. Thereafter defendants Riley filed their cost and disbursement bill in the sum of $8,835 and a motion followed to tax costs upon the grounds, among others, that costs as contained in the bill were excessive and unlawful. The court taxed the costs at the same figure fixed in its judgment just mentioned.

The only difference between the instant case and the case of *City of Los Angeles* v. *Abbott*, 217 Cal. 184 [17 Pac. (2d) 993], is that in the instant case an interlocutory judgment was rendered by the superior court prior to the issuance of the injunction, whereas in the Abbott case it had not been prosecuted to the point of trial when the injunction was issued. In all other respects these two cases were identical in principle, and the Abbott case is controlling over this one. Respondents contend that there was an actual abandonment in the instant case, but we think the facts do not bear out this conclusion. They contend that under section 1255a of the Code of Civil Procedure they are entitled to attorney fees in addition to costs of suit, but their contention in this respect is negatived by the Abbott case above cited.

It is contended by appellant that the sum awarded respondents in the interlocutory judgment included appraisers' fees and that this allowance should not have been made as an item of costs. The case of *City of Los Angeles* v. *Clay*, 126 Cal. App. 465 [14 Pac. (2d) 926], supports this view.

Respondents make the point that the interlocutory judgment had become final because of the lapse of more than a year before the permanent injunction was issued, and thus

attempt to distinguish it from the Abbott case, but there is evidence in the record that less than a year elapsed before the injunction was issued. Respondents also claim that the interlocutory judgment became the final judgment after the expiration of the thirty-day period for payment, as provided in section 1251 of the Code of Civil Procedure, but the vice of this claim is that the proceedings are under a special act adopted by the legislature and approved March 24, 1923, commonly called the Improvement Act of 1903, and the provisions of this act are such that this thirty-day period could not apply thereto. From all that is furnished us, the proceedings were being followed and were being pressed in the usual and ordinary manner up to the time of the issuance of the injunction, in the case hereinabove referred to, and but for such injunction would in all probability have been pressed to a conclusion. It would seem, then, without question, that the doctrine of the Abbott case applies, that is: there was no voluntary abandonment.

The point made in respondents' brief to the effect that a new assessment could have been levied is not borne out by the facts for the judgment enjoining the city is in broad terms a prohibition against any action under the ordinance.

The facts of this case entitle the respondents to a dismissal of the action and the judgment is to that extent affirmed, with ordinary costs of the trial, but is reversed as to the allowance of appraisers' fees other than ordinary witness fees and reversed as to the allowance of attorneys' fees. Each side is to bear its own costs on this appeal. The cause is, remanded and the superior court is directed to enter judgment in accord herewith.

Works, P. J., and Craig, J., concurred.