[Civ. No. 10098. Second Appellate District, Division One.—December 12, 1935.]

CITY OF BELL (a Municipal Corporation), Respondent, v. AMERICAN STATES WATER SERVICE COMPANY OF CALIFORNIA (a Corporation) et al., Defendants; ALEXANDER K. PODURGIEL et al., Appellants.

Victor A. Berry for Appellants.

Carlton H. Casjens for Respondent.

ROTH, J., *pro tem.*—City of Bell, as plaintiff, commenced a condemnation proceeding under the Acquisition and Improvement Act of 1925. Summons and complaint were served upon defendants and appellants August 27, 1930. The amended answer of appellants was filed January 28, 1932. The action remained dormant until July 31, 1934, on which date a dismissal of judgment was entered by the trial court pursuant to the motion therefor made by said appellants based upon the ground that respondent had failed to bring the action to trial for more than two years after the filing of the answer. The judgment entered pursuant to the motion not only dismissed the action as against appellants, but allowed to appellants attorneys' fees "in accordance with section 1255a of the Code of Civil Procedure". Thereafter, appellants filed their cost bill in which, among other things, was listed an item of $75 "attorneys' fees pursuant to section 1255a of the Code of Civil Procedure, as amended 1933".

Respondent then moved the trial court to vacate the judgment, its motion for this purpose reciting:

"Said motion will be based upon the pleadings, records and files of the above entitled action, and upon the ground that said judgment is erroneous and void in that it awards and allows the said defendants their costs, disbursements, including attorneys fees, contrary to section 1255a of the Code of Civil Procedure of the State of California; that plaintiff has not abandoned this action within the meaning and construction of said section 1255a of said Code of Civil Procedure as defined and set forth by the laws and decisions of the Courts of the State of California, and that this Court did not and does not have the authority under said decisions and law to

award said defendants their costs and disbursements, including attorney fees.''

A notice of motion to tax costs was also filed by respondent. Both were heard at the same time and at the conclusion of the hearing thereon the trial court made the following orders:

''Motion to set aside and vacate Judgment and dismiss action with costs and motion to tax costs come on for hearing, C. H. Casjens appearing as attorney for plaintiff and V. A. Berry for defendants appearing; motion to set aside and vacate Judgment, etc. is granted. Motion to tax costs is granted and costs taxed at $7.50.''

Appellants appeal from the two orders made as above. The motion made to vacate the judgment was not made pursuant to section 473 of the Code of Civil Procedure, as respondent contends, and it cannot be considered as having been made under that section. Section 473 provides that the court may ''relieve a party . . . from a judgment . . . taken against him through his mistake, inadvertence, surprise or excusable neglect . . . '' The record before us is incomplete, but it is complete enough to show that the motion to dismiss, pursuant to which judgment of dismissal was granted, was made under section 583 of the Code of Civil Procedure. Further, on the motion to vacate the judgment there is no showing of surprise, mistake or excusable neglect which would be indispensable to a consideration of the motion as one made under section 473. There is no pretense that the motion to vacate the judgment might be considered as a motion for a new trial, and it cannot be, as it has none of the requisites of such a motion. It cannot be considered as one made under section 663 of the Code of Civil Procedure, as no other or different judgment was substituted, nor was a request made for the substitution of another and different judgment. The judgment of dismissal recites on its face, and the record shows, that the motion to dismiss was made because '' . . . plaintiff has failed to bring the above-entitled action to trial for more than two years after said action was filed . . . '' It affirmatively appears on the face of said judgment that it was granted pursuant to a motion made under section 583 of the Code of Civil Procedure. The trial court had undoubted discretion to grant the motion to dismiss. On appeal from the judgment of dismissal, an appellate court has the right, and it is its duty, to review such judgment to determine

whether or not said discretion has been judicially exercised. There is nothing in the record before us which indicates or suggests that it has not been. It is trite to repeat that all intendments are in favor of said judgment and in the absence of anything to the contrary, it must be presumed that there was sufficient proof in proper form to justify the judgment. (*Wood* v. *Johnston,* 8 Cal. App. 258 [96 Pac. 508]; *Fox* v. *Townsend,* 149 Cal. 659 [87 Pac. 82]; *J. & W. C. Shull* v. *Doerr,* 110 Cal. App. 613 [294 Pac. 464]; *Estate of Bell,* 157 Cal. 528 [108 Pac. 497].)

■ Mere failure, however, to bring a condemnation action to trial for two years is not an abandonment within the meaning of section 1255a of the Code of Civil Procedure, and an allowance of attorneys' fees as costs in said judgment was erroneous. (*City of Los Angeles* v. *Hannon,* 79 Cal. App. 669 [251 Pac. 247]; *City of Los Angeles* v. *Abbott,* 129 Cal. App. 144 [18 Pac. (2d) 785]; *City of Los Angeles* v. *Abbott,* 217 Cal. 184, 187 [17 Pac. (2d) 993]; *City of Los Angeles* v. *Agardy,* 134 Cal. App. 69 [24 Pac. (2d) 915]; *City of Los Angeles* v. *Agardy,* 1 Cal. (2d) 76 [33 Pac. (2d) 834].)

It follows from what has been said that the part of the judgment which provides for attorneys' fees is made void by the recitals upon the face of the judgment itself, the very recitals in the judgment showing that there was no such abandonment of the action as would permit a judgment for attorneys' fees under the terms of section 1255a of the Code of Civil Procedure. The judgment, however, in so far as it dismisses the action as to appellants is proper. The order vacating the entire judgment is therefore erroneous and it is reversed. The order granting the motion to tax that portion of the cost bill requesting an allowance of attorneys' fees under section 1255a of the Code of Civil Procedure is proper, and it is affirmed.

York, Acting P. J., and Doran, J., concurred.