[Civ. No. 15240. First Dist., Div. One. Nov. 28, 1952.]

EMILY L. BUCK et al., Respondents, v. CHARLES W. MORROSSIS, Appellant.

Albert E. Polonsky for Appellant.

Norman A. Eisner and Haskell Titchell for Respondents.

PETERS, P. J.—Plaintiffs, as the owners and lessors of business property, brought this action in unlawful detainer and for damages against defendant as the subtenant in possession, and against others not involved on this appeal. Defendant defaulted and judgment was entered decreeing restitution awarding $1,559.52 as treble damages for the unlawful detention computed at $650 per month and fixing $64.98 a day as damages for any additional holding over. Defendant appeals not only from the judgment, but also from an order striking his demurrer from the files. This order is not independently appealable, but is reviewable, if at all, on the appeal from the judgment. (*Cuddahy* v. *Gragg,* 46 Cal. App. 578 [189 P. 721].) The appeal from the order should be dismissed. On the appeal from the judgment defendant does not challenge the portion of the judgment decreeing

restitution, nor does he make any claim of right to any tenancy in the premises.

The complaint alleges that on August 20, 1946, plaintiffs leased the premises to one Cator for five years, expiring August 19, 1951; that on May 22, 1947, plaintiffs, in writing, consented to an assignment of the lease to one Hirsch, also named as a defendant, but later dismissed as a party; that defendant thereafter entered into possession of the premises under Hirsch; that the term of the lease had terminated; that defendant thereafter continued in possession without permission of plaintiffs and contrary to the terms of the lease; that plaintiffs had entered into a new lease with third parties at an increased rental whereby they were required to deliver possession of the premises to the new tenants on August 20, 1951; that on April 10, 1951, plaintiffs had served a written notice on Hirsch that his lease would not be renewed and that he must vacate on or before August 19, 1951; that on August 3, 1951, a similar notice was served upon both Hirsch and defendant; that on August 7, 1951, plaintiffs' attorney was notified that defendant had no intention of vacating the premises on the termination date of the lease but intended to remain in possession during the period of any litigation brought to evict him; that defendant ''deliberately, intentionally, obstinately and maliciously'' retains possession ·of the premises ''with full knowledge that the term has terminated and that the holding over is against the will and without the consent of plaintiffs.'' The prayer is for attorneys' fees, not awarded in the judgment, a reasonable rental value of $1,000 per month, restitution, loss of profits and treble damages.

This complaint was filed and served on defendant on August 21, 1951. On September 4, 1951, 14 days later, defendant filed a general and special demurrer. The very next day plaintiffs moved to strike the demurrer on the grounds that it was filed too late, and that it was sham and frivolous. This motion was supported by an affidavit of plaintiffs' counsel repeating most of the allegations of the complaint and further deposing that defendant's counsel, after the notice of August 3, 1951, had been served, informed affiant that defendant had no intention of surrendering possession on the termination date of the lease because defendant knew he could remain in possession during the period any litigation brought to evict him was pending. It is further averred that after August 21, 1951, the two lawyers had worked out

a compromise whereby defendant would be granted an extra month's tenancy at an increased rental on condition that at the end of that time defendant would submit to entry of judgment against him; that defendant evaded giving his approval to this compromise, secured new counsel, and rejected the compromise by filing the challenged demurrer.

On September 11, 1951, the trial court, without designation of the reason therefor, granted the motion to strike the demurrer from the files, and ordered the default of defendant entered. Judgment was entered September 13, 1951. The judgment recites the entry of the default, declares that the demurrer was stricken "upon the grounds that it was not filed within time," recites that evidence was taken, decrees restitution, and awards $1,559.52 treble damages for the unlawful detention of said premises, a fixed amount for each additional day of detention, and costs.

It is first urged that the trial court was without power to strike the demurrer from the files. The contention is entitled to but scant consideration. Assuming, without deciding, that defendant can raise this point after he has defaulted, under the law (Code Civ. Proc., §§ 1167, 1169 and 1170) in an unlawful detainer action the defendant has but three days after service of summons to demur or answer the complaint. Here the demurrer was not filed for 14 days, which was 11 days too late. ■■■ Appellant concedes that the demurrer was filed late, but contends that if there is a pleading on file, even a pleading filed late, it is error to enter a default while that pleading is on file. That is probably the law. (*Cuddahy* v. *Gragg,* 46 Cal.App. 578 [189 P. 721].) But the further contention that in such an action the court lacks power to dispose of the pleading by striking it from the files because filed late is unsound. In *Cuddahy* v. *Gragg,* 46 Cal.App. 578 [189 P. 721], the court disposed of the contention as follows (p. 580): "But while it is true that a defendant's default may not be entered until his demurrer or other pleading, though filed after the time permitted by law, has been disposed of, nevertheless it is a proper practice in such case to move to strike the pleading from the files. The plaintiff has no absolute right to have the pleading stricken from the files merely because it was not filed in time; and, on the other hand, the defendant has no absolute right to have his belated pleading remain in the files; for a defendant cannot, *as of right,* answer or demur after the expiration of the time prescribed

by statute. It is a proper practice, therefore, for the plaintiff to move to strike the pleading from the files; and, in the exercise of a sound discretion, the court very properly may grant such motion to strike. [Citing cases.]''

This has been the rule in California for many years. (*Bowers* v. *Dickerson*, 18 Cal. 420; *Acock* v. *Halsey*, 90 Cal. 215 [27 P. 193].) Appellant contends that the holdings in these cases are dicta and should not be followed. We need not take the time to demonstrate the fact that the holding in at least the Cuddahy case was not dicta, but are content to hold that if such holdings were dicta they are sound dicta and should be followed. It would be a logical absurdity to hold that a defendant in such an action which, under the law is entitled to priority, and where speedy determination is essential, could stall the proceedings and engage in dilatory tactics by the simple device of filing a late demurrer.

Appellant also urges that the trial court had no power to strike the demurrer on the ground that it was sham and frivolous. It has been so held. (*Larco* v. *Casaneuava*, 30 Cal. 560.) If it be assumed that the rule of that case is sound, it has no application here. The motion to strike was here based on the late filing of the demurrer and on the ground that it was sham and frivolous. The order granting the motion does not specify the ground upon which it was granted, but the judgment recites that the motion was granted "upon the grounds that it was not filed within time." ▮ Even if the judgment cannot be used to explain the order, the order, standing alone, would have to be affirmed if it can be sustained on any of the grounds urged in the motion. (*Republic Truck Sales Corp.* v. *Peak*, 194 Cal. 492 [229 P. 331]; *Fox* v. *Townsend*, 149 Cal. 659 [87 P. 82].) Those cases hold that where a motion is made on several grounds and is granted by an order which does not specify the grounds, it must be affirmed if one valid ground exists upon which it could have been granted. That rule applies here.

▮ Appellant also contends that his default should not have been entered because the record shows negotiations were pending for a settlement after the time within which a demurrer lawfully could be filed had elapsed. It is urged that this fact in some way amounted to a waiver of the right to enter a default. The record does not show that the negotiations referred to were instituted or continued at the re-

quest of the respondents, but, on the other hand, the record does show that these negotiations, after a tentative settlement had been agreed to, failed because appellant stalled for time and then, after he had retained new counsel, refused to sign the agreement and filed the demurrer. There is no act of respondents shown by the record upon which to predicate a waiver or estoppel.

■ Appellant next attacks the sufficiency of the complaint. He also attacks the sufficiency of the evidence, a point that normally cannot be raised by one appealing from a default judgment. (*Lester* v. *Beer*, 74 Cal.App.2d Supp. 984 [168 P.2d 998].) ■ But, even a defaulting party may challenge the sufficiency of a complaint, because the default only admits those facts that are well pleaded. (*Williams* v. *Foss*, 69 Cal.App. 705 [231 P. 766].) Appellant contends that the complaint is insufficient because, so it is claimed, it does not allege the nature of the tenancy of appellant, and contends that if appellant is a tenant at will or for a term he is entitled to notice, and if a trespasser, no cause of action has been pleaded. ■ The complaint is sufficient. It alleges the existence of the original lease, its assignment with consent to Hirsch, and then alleges that appellant entered into possession under Hirsch. This was a sufficient averment of a subtenancy.

■ The subtenant's right to possession terminates with the leased term of his lessor—in this case with the termination of the five-year master lease. (*Herman* v. *Campbell*, 86 Cal. App.2d 762 [195 P.2d 801].) The subtenant in such a case is not entitled to notice, because no notice need be given at the end of a fixed term. (*Camp* v. *Matich*, 87 Cal.App.2d 660 [197 P.2d 345]; *Black* v. *Black*, 77 Cal.App. 82 [246 P. 90].)

■ In such an action, on appeal from a default, every reasonable intendment must be indulged in support of the complaint, and it will be sufficient if its direct averments necessarily imply an inference of the facts necessary to remedy what otherwise might be a defect. ■ Defects which may be questioned only by special demurrer or motion cannot be relied upon on an appeal from a default judgment. (*Lester* v. *Beer*, 74 Cal.App.2d Supp. 984 [168 P.2d 998]; 3 Freeman on Judgments, p. 2698.)

The last major contention of appellant is that the trial court erred in allowing treble damages, it being contended that such award was not justified by the evidence . Under the statutes (Code Civ. Proc., §§ 735 and 1174) the trial court in an unlawful detainer action may award, in a proper case,

treble damages, but the statutes do not define the circumstances under which such an award can be made, but the cases have held that such award is only permissible when the evidence shows that the holding over is deliberate, intentional and obstinate. (*Field* v. *Walton,* 94 Cal.App. 596 [271 P. 500] ; *Gwinn* v. *Goldman,* 57 Cal.App.2d 393 [134 P.2d 915].)

Respondents contend that the evidence disclosed by the record shows a deliberate, intentional and obstinate withholding as pleaded in the complaint, and further contend that, this being an appeal from a default judgment, and the trial court having awarded treble damages after declaring that evidence had been offered "in support of all the allegations" of the complaint, the appellant cannot attack the sufficiency of the evidence. (*Fitzgerald* v. *Herzer,* 78 Cal.App.2d 127 [177 P.2d 364] ; *Crackel* v. *Crackel,* 17 Cal.App. 600 [121 P. 295].) It is doubtful whether this rule applies to damages. (*Richee* v. *Gillette Realty Co.,* 97 Cal.App. 365 [275 P. 477].) In such cases, in spite of the default, it would seem that the court is under a duty to inform itself of the amount of unliquidated damages. ▬ But we are convinced that the evidence here existing supports the award of treble damages. Appellant contends that the only evidence of his willfullness in holding over is to be found in the evidence that defendant's lawyer stated that appellant could hold over while litigation was pending and intended to do so, and claims that there is no evidence that he authorized his attorney to make such a statement. We agree with the appellant that these declarations, there being no evidence of knowledge of or authorization by appellant, cannot be relied upon to support the award of treble damages, but we disagree with appellant's contention that this is the only evidence from which the trial court could find that the holding over was willful. The whole record demonstrates a deliberate attempt on the part of appellant to hold over after termination of the lease under which he was holding. Appellant had actual notice served upon him on August 3, 1951, informing him that he must get out by August 19, 1951. This he failed to do. When sued in this action he made no defense on the merits, and made no claim of right to the premises. He, in fact, defaulted, thus admitting all of the facts pleaded in the complaint. He tried to stall the entry of his default, commenced negotiations for a settlement, evaded as long as he could giving a definite answer to the agreement entered into by his counsel, and then substituted that counsel out of the case, and filed a demurrer.

The evidence also shows that appellant was very desirous of staying in the premises during the Christmas season, and offered $1,000 a month for a limited lease. The inference is plain that this failing, he employed the tactics here described in order to retain possession of the premises after his lease had terminated. Such facts certainly support a reasonable inference that the holding over was deliberate, intentional and obstinate.

The appeal from the order striking the demurrer is dismissed; the judgment is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.