HON. JOHN B. CLAYBERG,
HON. LEW L. CALLAWAY,
HON. W. H. POORMAN.

GEMMELL, APPELLANT, *v.* SWAIN ET AL., RESPONDENTS.

(No. 1,585.)

(Submitted May 25, 1903.  Decided June 3, 1903.)

*Mines — Location—Necessity of Discovery—Trespass — Injunction.*

1.  Rev. St. U. S. Section 2320 (U. S. Comp. St. 1901, p. 1424), relating to
    the location of mining claims on public lands of the United States, provides that no location shall be made until the discovery of the vein or lode
    within the limits of the claim located.  *Held,* that one who had entered
    on a vacant 20-acre tract, and had begun prospecting shafts, but had made

no discovery, could not enjoin a trespass on the tract; he not alleging that the trespass was upon the ground surrounding his shafts, and of which he was in the actual occupancy.

2   The fact that he had posted notices of location would not enlarge his rights.

3   The fact that the trespassers had enjoined him from continuing work, and he had secured a reversal of the decree, was immaterial.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

SUIT by George Gemmell against John Swain and others. From a judgment for defenants, plaintiff appeals. Affirmed.

## STATEMENT OF THE CASE.

This action was commenced in the district court by the appellant, who was plaintiff below, to secure an injunction restraining the defendants from entering upon, sinking shafts, running tunnels, discovering or attempting to discover veins of mineral in certain designated lands. The complaint alleges that on December 19, 1899, a portion of section 17, township 3 N., range 7 W., to the extent of 20 acres, was vacant, uninclosed, and unimproved mineral lands of the United States; that on that date the plaintiff, having reason to believe and believing that veins or lodes of rock in place, bearing gold, silver, copper, and other precious metals, existed therein, entered upon the above described land for the purpose of prospecting for and making discovery of such veins, and of locating the ground; that he proceeded to sink three shafts, but, before he made discovery of any such veins or lodes, he was enjoined by the district court in an action entitled *"Harley et al.* v. *M. O. P. Co. et al."* from further prosecuting his search; that he then posted at each of said shafts a written notice that he claimed the ground about each shaft to the extent of 750 feet east, 750 feet west, 300 feet north, and 300 feet south from the point where the notice was posted; that the plaintiffs in that action then immediately went upon the land, and commenced work for the purpose of making discovery of veins containing such precious metals, and of locating the ground. The plaintiff sought an in-

junction restraining the defendants from further proceeding with such work. An order to show cause and a temporary restraining order were issued, but, before a hearing was had upon the order to show cause, the defendants Harley, Butte & Boston Company, and Boston & Montana Company filed a demurrer to the complaint, which was by the court sustained; and, the plaintiff refusing to amend, the restraining order was dissolved, an injunction refused, and a judgment for costs entered against the plaintiff, from which this appeal is taken.

*Mr. Gearge M. Bourquin,* and *Mr. M. S. Gunn,* for Appellant.

The first question is: What, if any, right has a qualified locator in the actual possession of public mineral land while seeking in good faith to discover a lode therein and make a location thereof; and, second, if he has any rights, will they be protected in equity? The law is well settled in regard to the rights of one in the possession of public mineral land. (1 Lindley on Mines, Sec. 219.) The fact that the title is in the United States makes no difference. (Rev. Statutes U. S. Sec. 910.) The actual possession of lands will defeat the right to preempt the same lands by another person. (*Atherton* v. *Fowler,* 96 U. S. 513; *Hosmer* v. *Wallace,* 97 U. S. 575; *Trenouth* v. *San Francisco,* 100 U. S. 251; *Davis* v. *Scott,* 56 Cal. 165; *Smer* v. *Duggan,* 56 Cal. 257; *McBrown* v. *Morris,* 59 Cal. 64; *Erhardt* v. *Boaro,* 113 U. S. 527.) The courts have applied these same principles to the public mineral lands of the United States. (*Noyes* v. *Black,* 4 Mont. 527-535; *Garthe* v. *Hart,* 15 Pac. 93; *Crossman* v. *Pendery,* 8 Fed. 693; *Field* v. *Grey,* 25 Pac. 793; *Brandt* v. *Wheaton,* 52 Cal. 430-434; *North Noonday Co.* v. *Orient Co.,* 11 Fed. 125; *English* v. *Johnson,* 17 Cal. 107; *Table Co.* v. *Stranahan,* 20 Cal. 209; *Hess* v. *Winder,* 30 Cal. 355; *Rogers* v. *Coopey,* 7 Nev. 219; *Campbell* v. *Rankin,* 99 U. S. 262; *Phoenix M. & M. Co.* v. *Lawrence,* 55 Cal. 143; *Lebanon M. Co.* v. *Con. Rep. Co.,* 6 Colo. 380; *Weese* v. *Barker,* 7 Colo. 178.)

Appellant being in the actual occupancy of unoccupied public mineral land, under the above authorities, could protect such possession as against the defendants who were mere intruders. If appellant had a possession which the law would protect him in as against defendants, it seems to us equally clear that under the circumstances of this case equity will protect him in such rights for the following reasons:

1.   The rights of appellant under his possession were to proceed to a proper discovery and location of quartz claims.

2.   Defendants are endeavoring to destroy these rights by fraudulent acts:   (a) By enjoining appellant from proceeding to make a discovery and location; and (b) Pending that injunction, going upon the ground and seeking to make a discovery and location thereof themselves.

Under the authorities above cited the rule is well settled that appellant might have maintained trespass against the defendants, based upon his actual possession.   The rule is equally well settled that a trespass will be enjoined when irreparable injury is disclosed.   In such case any interference which injures or destroys the substance of the estate is irreparable.   Here the injury goes to the loss of the entire estate.   Under appellant's possession he had a right to proceed to a discovery and location of the premises as quartz claims, and to obtain the title thereto.   If defendants are allowed to go upon the land, while appellant is thus enjoined, and make a discovery and location of the ground, they will deprive appellant of all his right growing out of his possession, and therefore of the ground itself. Equity will protect a right even though no damages are alleged or proven.   (*Moore* v. *Water Works,* 8 Pac. 816; *Mott* v. *Ewing,* 27 Pac. 194; *Kellogg* v. *King,* 46 Pac. 166; *Bettman* v. *Harness,* 36 L. R. A. 566.)

Again, the theory of an injunction in a trespass case is that the court will hold the premises in *statu quo* until the final determination of the controversy.   (*Johnson* v. *Hall,* 9 S. E. 783; *Haight* v. *Lima,* 36 Wis. 355; Beach on Injunctions, Secs. 109 and 112; *N. P. R. R.* v. *City of Spokane,* 52 Fed. 428-430.)

*)  Messrs. Forbis & Evans,* and *Mr. T. Bailey Lee,* for Respondents.

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

The only question for determination is whether the complaint states facts sufficient to entitle the plaintiff to an injunction. The complaint, upon its face, shows that the land in dispute was vacant, uninclosed, and unimproved mineral land of the United States; that the plaintiff went upon it, and was prospecting for veins of mineral-bearing rock, when he was enjoined. He had made no discovery, and consequently no location had been made, and none could be, for a location can rest *only* upon an actual discovery of such vein or lode. (*Hauswirth* v. *Butcher,* 4 Mont. 299, 1 Pac. 714; Section 2320, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1424].) He was simply a prospector upon the public domain, with the bare, naked possession of the ground immediately about the three shafts where he was prosecuting his work. His possession was only such as is characterized in the law as *possessio pedis,* and could not be enlarged to include the entire 20-acre tract, or the whole amount of ground which he might have claimed under one or more quartz locations. Until discovery is made, no right of possession to any definite portion of the public mineral lands can even be initiated. Until that is done, the prospector's rights are confined to the ground in his actual possession, and until that possession is disturbed no right of action accrues, and even then no injunction would issue to restrain a mere trespass—certainly not in the absence of some showing of irreparable injury or the insolvency of the trespasser.

No contention is made that the work done by the defendants in prospecting this ground was done in or about any one of the shafts where plaintiff was prosecuting his work when enjoined, or that the work done by the defendants in any manner interfered with the .work done by the plaintiff. The fact that plain-

tiff posted a notice at each of his shafts did not create any new right in him, or enlarge the right he already had. A notice of location (for such these notices purported to be) posted upon mineral land before discovery is made is an absolute nullity. (*Upton* v. *Larkin,* 5 Mont. 600, 6 Pac. 66; Section 2320, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1424].) The mere fact that the plaintiff was enjoined from continuing his work, and that, too, wrongfully, as determined by this court (*Harley* v. *M. O. P. Co.,* 27 Mont. 388, 71 Pac. 407), did not alter the relative rights of the parties, or entitle the appellant here to an injunction in this action. Competing prospectors cannot make use of the writ of injunction to secure priority of discovery or location on, or apparent superiority of right to, a mining claim.

We are of the opinion that the complaint does not state facts sufficient to entitle the appellant to an injunction, and that the district court committed no error in sustaining the demurrer. The judgment is affirmed.

*Affirmed.*