## JOHANSON v. WHITE.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1908.)

### No. 1,459.

MINES AND MINERALS—CLAIMS—PRIORITY OF RIGHTS.

If plaintiff's location of a placer mining claim on May 25th, unaccompanied by discovery at the time, gave him no right to return June 9th, after an absence to procure supplies, etc., and after defendant had made due location of the claim and taken possession for the purpose of exploration, defendant's remedy was to protect his possession against plaintiff's entry; and, plaintiff having re-entered peaceably and both being in possession by common consent after June 8th, it became a race of diligence between them to discover gold, and he who first discovered it obtained the prior right. His discovery did not relate back to the date of his location; but his location was made valid by discovery, and took effect from that date, and it gave him the full right to the claim, to the exclusion of all others.

In Error to the District Court of the United States for the Third Division of the District of Alaska.

In the court below, on the trial of an action in ejectment brought by the plaintiff in error against the defendant in error to recover the possession of a placer mining claim, evidence was introduced to show that on the morning of May 25, 1905, the plaintiff in error located and staked the claim in controversy, and thereafter departed to get supplies and necessary equipment to proceed with the development work, and on returning on June 9, 1905, found the defendant in error in possession; the latter having in the meantime located and staked the claim. It was proven that the plaintiff in error, on returning to the mining claim, entered peaceably upon the same, built a cabin thereon, and proceeded to sink a shaft. During the same time the defendant in error remained on the claim, living in a tent thereon, and was engaged likewise in sinking a shaft. The plaintiff in error, on reaching gravel, found sufficient gold therein to warrant him in the further expenditure of time and money in the development of the claim, and immediately proceeded to bring the present action. The defendant in error made a discovery of gold at a date subsequent to the discovery of the plaintiff in error. Upon this evidence the court, at the close of the testimony, instructed the jury to return a verdict for the defendant in error, "for the reason that the testimony in the case, which is admitted and which is not controverted, shows that the defendant in this action took possession of this mining property on the 8th day of June, 1905, and upon the 8th or 9th day of June, 1905, marked the boundaries of the claim by posting out corner stakes, and that he entered into the possession of the property and has remained in the actual possession of it ever since that time, and that upon the 11th or 12th day of June, when defendant was in actual possession of it, and working it for the purpose of making a discovery of gold, or to ascertain whether or not gold was in the claim, the plaintiff here, without any right, and without having any title whatever to the property, entered upon it and trespassed upon the rights of the defendant."

Bion A. Dodge and T. C. West (F. De Journel, of counsel), for plaintiff in error.

John L. McGinn and Martin L. Sullivan (J. C. Campbell, W. H. Metson, C. H. Oatman, F. C. Drew, and J. A. MacKenzie, of counsel), for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The court, in charging the jury to return a verdict for the defendant in error, evidently regarded the case as one falling within the rule, expressed in numerous decisions, that one who in good faith makes his location, remains in possession, and with due diligence proceeds to make discovery, is fully protected against all forms of forcible, fraudulent, surreptitious, or clandestine entries or intrusions upon his possession. It may be conceded that the rule would be applicable here, if the entry and possession of the plaintiff in error were of the character so described. But there is nothing in the evidence to show that the plaintiff in error entered into possession secretly, or by force or fraud, or that the defendant in error took any steps to protect his possession. It is not denied that the latter told the former that he "could go ahead and work," but it would be at his own risk. Conceding, for the purposes of this case, that the location made by the plaintiff in error on May 25, 1905, unaccompanied by discovery at the time, gave to him no right subsequently to return and take pos-

session of the claim after another had made due location thereof and taken possession for the purpose of exploration, the remedy of the latter was to protect his possession against the entry of the former. Both the locaters being in possession by common consent, as they were after June 8th, it became a race of diligence between them to discover gold, and he who first discovered it undoubtedly obtained the prior right. His discovery did not relate back to the date of his location; but his location was made valid by discovery, and took effect from that date, and it gave him the full right in the claim, to the exclusion of all others. This is well established by the authorities. Lindley on Mines (2d Ed.) § 216; Horswell v. Ruiz, 67 Cal. 111, 7 Pac. 197; Garthe v. Hart, 73 Cal. 541, 15 Pac. 93; Gemmell v. Swain, 28 Mont. 331, 72 Pac. 662, 98 Am. St. Rep. 570; Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735; Crossman v. Pendery (C. C.) 8 Fed. 693. In the case last cited, Miller, Justice, said:

"It is the opinion of the court that, inasmuch as the plaintiffs allowed the defendants to enter upon their claim and within their boundaries and there sink a shaft, in which they discovered mineral in rock in place before a discovery by plaintiffs, and make location thereof, without protest, the defendants now have the better right. But the plaintiffs might have protected their actual possession of their entire claim by proper legal proceeding prior to the discovery of mineral by the defendants, or by either party. A prospector on the public mineral domain may protect himself in the possession of his pedis possessionis while he is searching for mineral. His possession so held is good as a possessory title against all the world, except the government of the United States. But, if he stands by and allows others to enter upon his claim and first discover mineral in rock in place, the law gives such first discoverer a title to the mineral so first discovered, against which the mere possession of the surface cannot prevail."

In the light of these authorities it was error to instruct the jury to return a verdict for the defendant in error.

The judgment is reversed, and the cause is remanded for a new trial.