[Civ. No. 16713.   Second Dist., Div. Three.   May 3, 1949.]

Estate of CARL H. HANSEN, Deceased.   SHEILA VIR-
GINIA HANSEN, a Minor, etc., Petitioner and Appel-
lant, v. DORIS HANSEN TOOMEY, Contestant and
Appellant.

John E. Sisson for Petitioner and Appellant.

Joseph L. Fainer and Louise A. Steele for Contestant and Appellant.

SHINN, P. J.—Carl H. Hansen, deceased, made a will September 22, 1943, by the terms of which he bequeathed $1.00 to his then wife, Doris Hansen, and the entire residue of his estate to the child of their marriage, Sheila Virginia Hansen. The will was duly admitted to probate and thereafter Doris, who had remarried to one Toomey, filed a petition for a decree determining her interest and that of the daughter in the estate. The court found that there was community property consisting of $4,716.29 in cash, awarded $1.00 to Doris Hansen Toomey and divided the remainder between her and the daughter. Both parties appeal. The record consists of the clerk's transcript.

The petition of Mrs. Toomey came on for hearing September 18, 1947, she and the daughter being represented by counsel. The court made findings, conclusions and a decree which recite that oral and documentary evidence was introduced in the hearing by all parties and that the same was duly considered by the court.

The court found that decedent, an air corps pilot, failed to return to his base in New Guinea while on a campaign mission over a wild jungle area and that he died on or about March 13, 1944. It was also found that the War Department continued decedent in a status of "missing in action" until January 27, 1946, when the department issued a presumptive finding of death as of that date. Through the Finance Officer of the United States Army $4,716.29 was paid to the executors of the will of decedent as pay and allowances earned by him to January 27, 1946. Upon these facts the court concluded that the amount in question is community property and distributed it as aforesaid.

On the appeal of Doris Toomey she contends there was no evidence to support the finding that decedent's death occurred March 13, 1944. This contention cannot prevail. In view of the recital of the findings and judgment that oral

and documentary evidence was received, and in the absence of any record as to the evidence that was taken, it must be conclusively presumed that the finding had support in the evidence. (*Harrison* v. *Adams*, 20 Cal.2d 646 [128 P.2d 9].)

However, since it appears from the briefs that the parties are in agreement as to the facts that were made known to the court in the hearing, we are disposed to consider the points made in the briefs on the basis of those facts. The clerk's transcript contains a copy of a telegram from the Secretary of War addressed to Virginia Hansen, dated March 23, 1944, advising her that her son, Carl H. Hansen, had been missing in action since March 13 over New Guinea; also a letter from the War Department, dated January 27, 1946, addressed to Mr. and Mrs. Carl J. Hansen, advising them that their son's bomber disappeared in action March 13, 1944, in bad weather; that a search had been conducted for him for more than a week without success; that the case had been reviewed and that Lieutenant Hansen was continued in the status of missing in action as of March 14, 1944; that it had been reviewed again and that the War Department, as of January 27, 1946, had terminated Lieutenant Hansen's absence by a presumptive finding of death stating, "the finding does not establish an actual or probable date of death; however, as required by law it includes a presumptive date of death for the purpose of termination of pay and allowances, settlement of accounts and payment of death gratuities." There is also a copy of a certificate of the Controller General of the United States stating that a treasury check was enclosed therewith for the sum of $4,571.09 payable to the executors of the last will of decedent on account of the amount due him at the presumptive date of death. These documents bear a filing mark some two months subsequent to the date of the hearing but they bear no other endorsement and there is no stipulation or certificate that they were received in evidence. Nevertheless, the parties on the appeal agree that the facts are as stated in such communications and they, no doubt, had the same understanding at the trial. Assuming, however, as the parties do, that this correspondence constituted the only evidence that was before the court, the finding that death occurred March 13, 1944, is, in our opinion, well supported.

Although Mrs. Toomey alleged in her petition that "Carl H. Hansen died or was listed as missing in action at New Guinea during the month of March, 1944" she now relies upon the procedure followed by the War Department as proof that

he died at a later date. It is stated in the brief of Sheila Virginia Hansen that Doris Hansen remarried December 28, 1944, and we take it to be a fact, since the assertion is not disputed in Mrs. Toomey's brief, and she does not state when she became Mrs. Toomey. It is not, however, a material point.

It does not appear that any part of the sum received by the executors consisted of pay or allowances earned by decedent prior to March 13, 1944.

Sections 163, 164 and 687, Civil Code, read together define community property as that which is acquired by husband or wife after marriage and during the existence of the marriage other than by gift, bequest, devise or descent, with the rents, issues and profits thereof. The sum paid to the executors was not acquired by Lieutenant Hansen or by his surviving wife, nor was it acquired during the existence of their marriage. Deferment by the War Department until January 27, 1946, of a finding of presumptive death as of that date did not establish the actual date of death, nor did it constitute evidence that death had not occurred March 13, 1944. The status of "missing in action" was maintained for nearly two years with full knowledge that Lieutenant Hansen might not return, and that his estate would become the beneficiary of the amounts that were accumulated if he failed to return. The payment was not made as a bonus for services rendered prior to his death. It fairly appears from the correspondence that the status of "missing in action" would have been discontinued had the fact of death been established to the satisfaction of the War Department at any time prior to January 27, 1946.

Existence of the marital relationship is indispensable to the acquisition of property as community property. (Civ. Code sections, *supra*; *Feig* v. *Bank of Italy etc. Assn.*, 218 Cal. 54 [21 P.2d 421]; *Estate of Nelson*, 104 Cal.App. 613, 619 [286 P. 439]; *Stafford* v. *Martinoni*, 192 Cal. 724 [221 P. 919]; 5 Cal.Jur. 284.)

The contingency that would have given the funds the character of community property did not occur. The accumulation took place and the money was received by the estate after the dissolution of the community. It belongs to those who take under the will of decedent, subject to administration. No part of it is community property.

There is another point that we should consider, although it is not discussed in the briefs. The court made a separate finding that the funds in question are community

property, and incorporated in the conclusions of law a statement to the same effect. It should not be presumed that there was evidence, other than the official correspondence, as to the source of the funds. To do so would be contrary to the concessions made in the briefs. Moreover, the presumption does not apply in a case such as this where it appears clearly that the court has made specific findings as to all the facts in issue, and also a finding of the ultimate fact based solely upon the probative facts found. For the reasons stated, the probative facts must be regarded as a determination of all questions of fact to which the evidence related, and the finding of ultimate fact must be regarded merely as a deduction which the trial court made from the facts established by the specific findings. The finding that the money is community property evidences a misconception of the law as applied to the specific facts found. The general findings must give way to the specific findings. (*McKay* v. *Gesford,* 163 Cal. 243, 246 [124 P. 1016, Ann.Cas. 1913E 1253, 41 L.R.A.N.S. 303]; *People* v. *Reed,* 81 Cal. 70 [22 P. 474, 15 Am.St.Rep. 32]; *Geer* v. *Sibley,* 83 Cal. 1 [23 P. 220]; *Hammond Lbr. Co.* v. *Barth Invest. Corp.,* 202 Cal. 601, 604 [262 P. 29]; *Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514, 540 [39 P. 922]; *Garrison* v. *Edward Brown & Sons,* 25 Cal.2d 473, 478 [154 P.2d 377]; *Falk* v. *Falk,* 48 Cal.App.2d 762 [120 P.2d 714].)

The attack which Doris Toomey makes upon the decree is confined to the adjudication that Carl H. Hansen died March 13, 1944. The decree awarded her all she prayed for in her petition and much more than she was entitled to. She has failed to show any good reason for disturbing the decree with respect to the declaration of the date of death. The appeal of Sheila Virginia Hansen is meritorious, since the property in question was subject to disposition by the will of her father.

The judgment is reversed with instructions to the court to amend its conclusions of law and its judgment to provide that the money in question is not community property and that, subject to proper deductions to be made in the administration of the estate, the sum of $4,716.29, or so much thereof as remains, shall be distributed: $1.00 to Doris Hansen Toomey, and the balance to Sheila Virginia Hansen. The attempted appeals from the order denying motion for new trial are dismissed.

Wood, J., and Vallée, J., concurred.