[Civ. No. 18512. Second Dist., Div. Three. Dec. 11, 1951.]

LOUISE OAKES et al., Respondents, v. TOMASA M. FERNANDEZ et al., Appellants.

Benjamin D. Brown for Appellants.

Barry Sullivan for Respondents.

VALLÉE, J.—The judgment in this action quieted plaintiffs' title to Lots 234 and 235 of Tract 4949, and awarded them $11,800 with interest against defendant Tomasa M. Fernandez. The $11,800 consisted of $4,300 and $6,500 unpaid on two promissory notes, and $1,000 attorney's fees as provided in the notes. Defendants appeal.

Defendants apparently contend that the findings are not supported by the evidence. The point is untenable.

On September 12, 1949, the marshal of the Municipal Court of the City of Los Angeles conveyed Lot 234 to plaintiff J. A. Oakes, pursuant to a sale on execution in an action by one *Matchett* v. *Tomasa M. Fernandez.* This deed was recorded September 13, 1949, and is prima facie evidence that Lot 234 was thereby conveyed to plaintiff J. A. Oakes. (Code Civ. Proc., § 1928.) On June 13, 1946, defendant Tomasa M. Fernandez conveyed Lot 235 to plaintiffs. This deed was recorded September 6, 1946. On February 7, 1947, Tomasa M. Fernandez conveyed Lot 234 to plaintiffs. This deed was recorded February 10, 1947. On January 8, 1948, Tomasa M. Fernandez executed a promissory note in favor of plaintiffs in the amount of $4,300, with interest at 4 per cent, principal and interest payable in installments of $43 on the first of each month beginning February 1, 1948. On January 8, 1948, Tomasa M. Fernandez executed a promissory note in favor of plaintiffs in the amount of $6,500, with interest at 4 per cent, principal and interest payable in installments of $65 on the first of each month beginning February 1, 1948. There was evidence that default had been made in the payment of these notes and that the amounts found to be unpaid had in fact not been paid. The foregoing evidence amply supports the findings.

■ Defendants say that plaintiffs "held the deeds to lots 234 and 235 and the Sheriff's deed only as security for repayment of money loaned and the findings of the court contrary were an abuse of discretion as a matter of law." The point is without merit. There was testimony by Tomasa Fernandez to the effect that the deeds were given as security for money loaned. The testimony of plaintiff Louise Oakes was to the contrary. The trial judge said: "This Court disbelieves the testimony of Tomasa M. Fernandez in every particular in which it contradicts the testimony of the plaintiff, Louise Oakes . . ."

■ The answer alleged that defendants had deeded the property to plaintiffs "during negotiations regarding a loan," and that plaintiffs deeded Lot 234 back to defendants after the deed of February 7, 1947, and that defendants have been in possession of the lot since 1943. Defendants say that the court did not find on this issue and that its failure to do so is fatal to the judgment. The court found that plaintiffs are the owners of Lots 234 and 235 and that defendants have no right, title, or interest therein. These findings are sufficient to support the judgment and it was not necessary to find specifi-

cally with respect to these allegations of the answer. (*Meyer* v. *O'Rourke,* 150 Cal. 177-8 [88 P. 706].)

Defendants say that plaintiffs "loaned defendants $10,-328.91 in sums at various times over a period from 1946 to 1949 . . . Yet plaintiffs obtained two improved income-producing parcels of land and a judgment for the amount of the loan as well. This was a usurious transaction." The premise is erroneous. There was evidence that plaintiffs loaned defendants at least $26,460.68. There was no evidence from which it could be concluded that the loans were usurious.

The complaint did not plead the promissory notes *in haec verba.* It alleged the making of each note, the interest rate, the default in payment, and the amount unpaid. It prayed for judgment against the defendants for attorney's fees as provided in the note. The notes were introduced in evidence without objection. Each note provided, "If action be instituted on this note I promise to pay such sum as the Court may fix as attorney's fees." The findings do not make any reference to attorney's fees. The conclusions of law say that defendant Tomasa M. Fernandez "should pay to plaintiffs . . . the sum of one thousand dollars ($1,000.00) as and for attorney fees as provided for in the promissory notes." As we have said, the judgment decreed that plaintiffs recover $1,000 "as and for Attorney's fees, as provided for in the Promissory Notes" against defendant Tomasa M. Fernandez. Defendants assert that the judgment for attorney's fees is unwarranted because, we assume, plaintiffs did not plead, and the court did not find, that $1,000, or some other sum, was a reasonable sum to be allowed as attorney's fees. No judgment, and this includes no part of a judgment, may be set aside for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the reviewing court is of the opinion that the error complained of resulted in a miscarriage of justice. (Const., art. VI, § 4½.) We are of the opinion that a miscarriage of justice did not result. The notes provided for attorney's fees. Tomasa M. Fernandez signed the notes and knew that fact. She knew that plaintiffs were asking for attorney's fees. The court in its memorandum opinion filed before the findings and judgment were prepared stated that an award of $1,000 attorney's fees would be made as provided in the notes. No objection to the findings or judgment was made. It is obvious that if a finding had been made on the subject it would have been adverse to defendant Tomasa

Fernandez. No motion for a new trial was made. It made no difference in the actual result that plaintiffs did not allege that the sum of $1,000, or some other sum, was a reasonable sum to be allowed as attorney's fees. Defendant Tomasa M. Fernandez, by her silence, signified her assent to the rendition of the judgment as prayed for and her willingness, if the court found for plaintiffs, that the court determine a reasonable amount which she had agreed to pay. (*Cf. Richee* v. *Gillette Realty Co.*, 97 Cal.App. 365-6 [275 P. 477].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 7, 1952.