[Civ. No. 21287. Second Dist., Div. Two. Dec. 27, 1955.]

JESSE MILLER et al., Appellants, v. PACIFIC PIPELINE CONSTRUCTION COMPANY (a Corporation), Respondent.

188

Kindel & Anderson and David E. Agnew for Appellants.

Thomas A. Wood for Respondent.

MOORE, P. J.—Appeal from a judgment denying injunctive relief to plaintiffs Miller, Kukta and Silberman, who alleged that a public road contiguous to their several parcels of land had been fenced in by respondent to their detriment; and from the order denying their motion for a new trial. The latter is nonappealable. Inasmuch as the appeal is based solely upon the judgment roll, we shall proceed at once to set forth the pertinent findings and conclusions here under scrutiny. In substance, they follow :*

Plaintiffs own parcels of land in Los Angeles County adjacent to a public road known as Lemp Street. Prior to the filing of this action, Lemp Street had been in open, continuous and notorious use from 1924 to November, 1951. Appellants own collectively more than 200 feet frontage on the west side of Lemp Street just south of Hart Street, and about 150 feet on the east side of Lemp beginning about 60 feet south of Hart Street.

Respondent owns two parcels, to wit: parcel 1, about 100 feet contiguous to and on the east side of Lemp Street (just south of Kukta's parcel) ; and parcel 2, on the west side of Lemp Street (just south of Miller's lot) extending 200 feet south to DeHougne Street. The northern boundary of parcel 1 extended across Lemp Street is the northern boundary of parcel 2.

Prior to the filing of this action on July 15, 1953, Lemp Street extended south from Hart Street to Van Owen Street.† The use of Lemp Street had long been adverse to the predecessors in interest of respondent, and a public roadway was thereby established prior to respondent's acquisition of parcel 1 on December 12, 1946. It lay over and upon the most

---

*Findings of ultimate facts are *italicized*; conclusions of law are in CAPITALS.

†Lemp Street extended 1250 feet to Van Owen Street and was intersected about 400 feet south of Hart Street by DeHougne Street which is parallel to Hart and Van Owen Streets.

westerly ends of the parcels of Kukta and Silberman and Number 1. Appellant Miller acquired title to his land March 1, 1947; Kukta acquired his February 17, 1947; Silberman acquired his January 24, 1947. Respondent acquired parcel 2 about April, 1953. At the time of the acquisition of parcel 1, respondent erected a fence running from its north to its south boundary, set back 20 feet from the parcel's true westerly boundary. Thereafter, Lemp Street continued to be used by the general public, including appellant, without objection by respondent. In November, 1951, a flood descended and Lemp Street was washed out.

About the time of the filing of this action, respondent caused a fence to be constructed across the north end of parcel 1.

The flood washed Lemp Street out completely from the northerly line of respondent's parcels 1 and 2 to Van Owen Street. The washout was never repaired. *From the time of filing the complaint herein, Lemp Street, for the entire distance of the washout, was not passable for vehicles and was not used by the general public or by appellants.*

After the flood, respondent dumped heavy, bulky material

on the eroded area of its property, including Lemp Street, but neither the public nor any appellant tried to restore the washed out area from the northerly line of defendant's parcels to Van Owen Street. The public generally proceeded from Van Owen Street north for 100 feet on the washed out area of Lemp Street, thence northwesterly on a private right of way to DeHougne Street, thence west to Lankershim Boulevard. *From November, 1951, to the filing of this action, Lemp Street was not used by the general public.*

*After the flood, appellants Silberman and Kukta repaved the westerly ends of their properties, and made ingress to and egress from their properties over such repaved road to Hart Street; but they never repaired or attempted to repair the washed out portion of Lemp Street.*

*Subsequent to the flood, the public abandoned Lemp Street as a public road with the exception of the portion on the west ends of the lands of Kukta and Silberman. The public road formerly known as Lemp Street from Van Owen to Hart was abandoned after the flood of November, 1951.*

Inasmuch as appellants acquired their properties in January and February, 1947, and the road known as Lemp Street was washed out by a flood in November, 1951, *appellants did not use such road openly, notoriously and continuously for a period of five years but on the contrary, after the flood in November, 1951, appellants abandoned all of said road except that portion thereof on the westerly end of their respective properties.* [That is, westerly ends of Silberman and Kukta properties.]

From such findings the court concluded:

Lemp Street, prior to November of 1951 was a public road running north and south between Hart Street and Van Owen Street in the city of Los Angeles;

*The flood of November, 1951, destroyed said Lemp Street from the northerly line of defendant's property to Van Owen Street.*

Thereafter the public abandoned said Lemp Street and used other land commencing at Van Owen Street, going 100 feet north on Lemp Street, then turning west on the right-of-way of the Bureau of Water and Power of Los Angeles to DeHougne, a public street.

*Plaintiffs did not use Lemp Street or any portion thereof, except that portion immediately adjacent to their properties for a period of five years openly, notoriously and continuously so as to acquire a private easement thereon;*

## THE PLAINTIFFS ARE NOT ENTITLED TO TAKE ANYTHING BY REASON OF THEIR COMPLAINT.

Appellants have attempted to demonstrate that the evidential findings do not support the findings of ultimate fact. Such effort indicates a misunderstanding on the part of appellants of the relation of probative findings to the decision of the trial court. ■ Such findings ordinarily perform no office whatsoever where the court has made findings of ultimate fact with reference to the issues of the action. While they may afford appellants devices with which to get at grips with the decision for the purpose of showing error in the court's processes, they furnish no substantial means of demonstrating error. ■ In an appeal on the judgment roll alone, it is a conclusive presumption that the evidence taken at the trial supports the findings of ultimate facts, and where the latter support the judgment the preachments of appellants are unavailing. ■ "Moreover, on such an appeal, it is generally true that findings on probative facts, where they do not preclude the possibility of the existence of other evidence to support the ultimate facts, do not limit or modify the findings of ultimate facts." (*Kompf* v. *Morrison,* 73 Cal. App.2d 284, 286 [166 P.2d 350].) ■ It is true that a finding of ultimate fact will be without value where based upon a finding of probative facts concededly false or which do not support the conclusions. (*Estate of Hansen,* 91 Cal. App.2d 610, 614 [205 P.2d 686].) Such is not the situation at bar. Here the court made findings of ultimate facts that in November, 1951, a flood washed out Lemp Street partially from Hart Street to the northerly boundary of [defendant's] property and washed out Lemp Street completely from the northerly line of defendant's property to Van Owen Street; that no agency repaired the washout and concluded that the public had abandoned Lemp Street and used another road for points to the north and west of the properties in question. In *Hammond Lbr. Co.* v. *Barth Inv. Corp.,* 202 Cal. 601 [262 P. 29], cited by appellants, the trial court had made findings of all probative facts but drew a conclusion of law that was utterly erroneous. In *Garrison* v. *Edward Brown & Sons,* 25 Cal.2d 473 [154 P.2d 377], also the mistake was made of concluding from certain probative facts that they created a contract. But the evidential facts previously found did not support the ultimate finding.

■ Appellants contend that there is no finding of act, conduct or intention on the part of plaintiffs or of the public

to support the finding of abandonment as to any particular time after the flood. A perusal of the findings has brought to our attention a number of acts from which abandonment could be reasonably deduced. For instance, the finding that none of the parties or the public attempted to restore Lemp Street from Van Owen northerly, but the public proceeded to the north over a different road. Although for some three to four years prior to the flood, the parties had used Lemp Street up to Hart Street, it has been completely washed out. But if there were no evidential findings, the record of the trial is presumed to contain substantial proof of the ultimate finding of abandonment as well as of every other ultimate fact. Abandonment was a fact to be found by the court. It was determined from evidence which was not brought up with the appeal.

Appellants argue that the court ignored the continued use of Lemp Street north of respondent's property. Not so. The finding is that Kukta and Silberman did repave the road beside their own properties and used it. Then they contend that the court did not find that Lemp Street as a unit between Hart and Van Owen Streets was abandoned. A glimpse at the findings leaves no room for doubt "that the public road formerly known as Lemp Street running between Van Owen and Hart Streets was abandoned." The findings leave no room for doubt "that the public road formerly known as Lemp Street, running between Van Owen and Hart Streets, was abandoned following the flood of November, 1951." Intent must be gathered from all the facts in evidence. (*Turner* v. *Markham,* 155 Cal. 562, 572 [102 P. 272]; *Peal* v. *Gulf Red Cedar Co.,* 15 Cal.App.2d 196, 199 [59 P.2d 183].) Whether there was an abandonment was a question for the fact finder. (*DelGiorgio* v. *Powers,* 27 Cal.App.2d 668, 681 [81 P.2d 1006]; *Tamalpais Land & Water Co.* v. *Northwestern Pac. R. Co.,* 73 Cal.App.2d 917, 932 [167 P.2d 825].)

The trial court is not required to make findings of the details of the evidence. It is sufficient if the finding is of the ultimate fact "since a finding of ultimate fact includes a finding of all probative facts necessary to sustain it." (*Pellegrino* v. *Los Angeles Transit Lines,* 79 Cal.App.2d 40, 42 [179 P.2d 39].) And where the court has made findings of ultimate facts which are sufficient in themselves to support the judgment, the mere fact that it has also made findings in which probative facts are incorporated which "indicate that the ultimate facts are not sufficiently proven, and an

appeal is made on the judgment-roll alone, the probative facts set forth in the findings must be disregarded." (*Enterprise Foundry Co.* v. *Polly,* 73 Cal.App. 225, 227 [238 P. 722]; *Fitzpatrick* v. *Underwood,* 17 Cal.2d 722, 727 [112 P.2d 3].)

■ Appellants claim a private easement over the strip of land known as Lemp Street. Such claim was disposed of by the findings that while they acquired their several parcels in January and February, 1947, Lemp Street was washed out in November, 1951; that appellants "did not use said road openly, notoriously and continuously for a period of five years, but on the contrary, after the flood . . . plaintiffs abandoned all of said road except that portion thereof on the westerly end of their respective properties." By such finding of the ultimate fact of abandonment, the court spelled *finis* for the claim of an easement. If the record had contained such evidence as would dispel the quoted finding, appellants would have presented it with their appeal. Inasmuch as they did not do so, the law presumes the existence of adequate proof in support of the finding.

Appellants contend that the court erred in finding that the west line of the east half of the east half of Lot 73 of Lankershim Ranch Land and Water Company was the west line of the latter half. In the foregoing, we have disposed of the contentions with respect to the findings with reference to the abandonment of Lemp Street. In view of the finding that the west line of the east half of Lot 73 could not possibly affect adversely the conclusion above announced, we shall forego the joys of pursuing the argument to ascertain whether the west line of the east half of the east half of Lot 73 was the west line or the east line of the east half of Lot 73. If there was error in such finding, it was not prejudicial.

The appeal from the order denying the motion for a new trial is dismissed.

The judgment is affirmed.

Fox, J., and Ashburn, J. pro tem.,* concurred.

A petition for a rehearing was denied January 20, 1956, and appellants' petition for a hearing by the Supreme Court was denied February 21, 1956. McComb, J., did not participate therein. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.