[Civ. No. 5729. Fourth Dist. May 15, 1958.]

PATRICK THORNTON, Respondent, v. LEONARD STEVENSON et al., Appellants.

E. John Eriksson and Theo. G. Krumm for Appellants.

Casey & Kerrigan, Monta W. Shirley and Richard J. Weller for Respondent.

GRIFFIN, J.—It is alleged in a verified complaint in this action to quiet title to the Snowflake Lode Mining Claim, also known as the "Lillian Queen," that plaintiff has been the owner thereof and defendants claim and assert some interest therein; that on January 29, 1957, two of the defendants wrongfully and without the consent of plaintiff entered upon and took possession of said claim and constructed a gate across the only road thereto; that on February 5th, plaintiff went

on the claim and performed improvements in the nature of discovery work, but one named defendant, while armed, orally ordered plaintiff from the claim and threatened to kill him if he came back onto it; that upon demand of plaintiff, access was granted by defendants for the purpose of establishing monuments, which he did, and accomplished the location work required by law; that on February 23rd, plaintiff's employees visited the claim and found the monuments they had erected were removed; that since then defendants refused to permit plaintiff to enter upon the claim and it was necessary for plaintiff to perform discovery work and to reestablish monuments thereon before July 26, 1957; that defendants filed false and fraudulent affidavits as to proof of prior assessment work and that defendants have no right, title and interest in the claim. The prayer was for an injunction restraining defendants from interfering with plaintiff's exclusive possession, and to quiet title.

An order to show cause was served upon defendants as to why such temporary injunction should not issue. Defendants, after filing a general demurrer, filed their affidavits indicating that on August 12, 1952, they located the "Lillian Queen" Number 1 Lode claim, erected boundary and center monuments, placed a notice of location thereon, and recorded such notice on August 18, 1952, and performed all necessary location and assessment work to date; that plaintiff wrongfully entered upon such claim and removed defendants' notice of location and replaced his notice in its place; that plaintiff later replaced defendants' notice; that plaintiff's claim is void; that defendants' claim is valid; and that the only reason defendants allowed plaintiff to post his notice without right was because he was accompanied by an officer of the law.

Upon this showing the court originally, on April 23rd, 1957, granted the injunction conditioned upon the posting of a $500 bond. By subsequent order the court modified the terms of the injunction so as to permit both plaintiff and defendants to enter peaceably upon the claim in order to do any work necessary to perfect or maintain their claims thereto, and to enjoin either party from removing ore therefrom, pendente lite.

Defendants have appealed from this order, as modified. Meanwhile defendants filed an answer to the complaint and by cross-complaint sought to have their title thereto quieted. The case is ready for trial upon the issues thus framed.

Appellants' first claim of error appears to resolve itself down to the contention that the verified complaint did not state sufficient facts to support the issuance of an injunction pendente lite, citing *Provident Land Corp.* v. *Provident Irr. Dist.*, 22 Cal.App.2d 105 [79 P.2d 392], the claim being that the injunction should be dissolved because the allegation of ownership of plaintiff was a mere conclusion; that the showing made by defendants clearly shows plaintiff had no prior and existing valid location; that plaintiff failed to allege sufficient facts to show his claim was valid or that he acted in good faith. It is further argued that he failed to show that he had discovered a valuable vein or lode of mineral in place at the point of discovery, the construction of a discovery monument, or the monumenting of the claim so its boundaries could be readily traced, that the discovery, if any, was made upon open, unappropriated government land, or that he was a citizen of the United States, citing Public Resources Code, sections 2301, 2302 and 2304; *Gemmel* v. *Swain*, 28 Mont. 331 [72 P. 662, 98 Am.St.Rep. 570]; and *McPheeters* v. *McMahon*, 131 Cal.App. 418 [21 P.2d 606].

Plaintiff sufficiently alleged a cause of action to quiet title and made a sufficient showing for temporary injunctive relief. The court was not bound by affidavits of defendants conflicting with plaintiff's verified complaint. Section 526 of the Code of Civil Procedure fully authorizes the issuance of an injunction, pendente lite, upon the showing here made. (*McRae* v. *Blakeley*, 3 Cal.App. 171, 173 [84 P. 679]; *Empire Star Mines Co.* v. *Butler*, 62 Cal.App.2d 466 [145 P.2d 49]; *Hunt* v. *Steese*, 75 Cal. 620 [17 P. 920]; *Hess* v. *Winder*, 34 Cal. 270; *Martin* v. *Danziger*, 21 Cal.App. 563, 565 [132 P. 284].)

Order granting temporary injunction affirmed.

Barnard, P. J., and Mussell, J., concurred.