[Civ. No. 6228.   Fourth Dist.   Oct. 27, 1960.]

PATRICK THORNTON, Respondent, v. LEONARD STEVENSON et al., Defendants; LILLIE PULOS et al., Appellants.

Milton Wichner for Appellants.

Casey & Kerrigan, Monta W. Shirley and Richard J. Weller for Respondent.

SHEPARD, J.—This is an action to quiet title to a mining claim. Prior to trial the action was dismissed as to all defendants except Lillie Pulos and Conn Pulos, her husband. Defendants appeal from judgment for plaintiff. Their appeal is on the judgment roll alone.

In general substance, plaintiff, in his first cause of action, alleges ownership and right of possession in plaintiff of the mining claim involved, as of January 28, 1957, particularly describing it; that defendants assert a claim of title adverse to plaintiff; that such adverse claim is without right. As a second cause of action, and solely for the purpose of injunctive relief, plaintiff further alleges that on the 29th day of January 1957, defendants wrongfully and without the consent of plaintiff took possession of the premises, blocked plaintiff's ingress to the claim by both physical barriers on the road and by threats with deadly weapons, and prevented the immediate completion of plaintiff's discovery work; that defendants filed false proofs of assessment work and have no title or interest in the claim. In general, plaintiff prayed for the usual decree quieting plaintiff's title against defendants and for a permanent injunction. The prayer also asked on the second cause of action, for a temporary injunction.

Defendants filed an answer denying plaintiff's title, alleging ownership in defendant Lillie Pulos, and also filed a cross-complaint seeking a decree quieting title in Lillie Pulos. Plaintiff answered the cross-complaint, denying these allegations. A temporary injunction was issued against defendants, and defendants appealed therefrom. On that appeal plaintiff's complaint was held sufficient and the order granting temporary injunction was affirmed by this court in *Thornton* v. *Stevenson*, 160 Cal.App.2d 532 [325 P.2d 117].

The pretrial order recites the stipulation of the parties: "(1) That the area covered within the conflicting claim of plaintiff and cross-complainants is identical; (2) That said property was open for location as an unpatented lode mining

claim at the time that defendants Pulos filed their original notice of location thereof; (3) That defendants Pulos did accomplish the required amount of annual assessment work for each of the mining years terminating June 30, 1954; (4) That there is valuable mineral in place in commercial quantity within the claim." It further states the issues to be: "(1) Whether defendants Pulos abandoned the claim by reason of failure to accomplish annual assessment work thereon. (2) Validity of title in plaintiff or cross-complainants."

After full trial, the court made and filed findings of fact and conclusions of law, and rendered judgment for plaintiff. Paragraphs I and II under the title "Findings of Fact," and paragraph I under the title "Conclusions of Law," read as follows:

"I. That it is true that plaintiff, PATRICK THORNTON, is now, and since the 28th day of January, 1957, has been, the owner and locator of the lode mining claim situated in the DALE MINING DISTRICT, County of San Bernardino, State of California, and more particularly described as follows: [Here follows detailed description.]"

"II. That all the allegations and averments of plaintiff's complaint are true; that all of the denials of defendants' answer and all of the allegations and averments of said answer and all of the allegations and averments of defendants' cross-complaint adverse to and inconsistent with plaintiff's complaint are untrue; that all of the denials of plaintiff's answer to defendants' cross-complaint and all the allegations and averments of said answer are true."

"I. That the plaintiff is the owner and locator, and entitled to exclusive possession of, the lode mining claim hereinbefore and in the plaintiff's complaint herein described, as against the defendants, all and severally, and all persons claiming and to claim the same, or any part of said claim, under them, the said defendants, or either of them, and that neither of said defendants LILLIE PULOS and CON PULOS, has any right, title or interest in or to said lode mining claim, or any part thereof."

Then follow the real conclusions of law under paragraphs II and III of "Conclusions of Law," whereby the court, in essence, finds that plaintiff is entitled to the decree prayed for, including a permanent injunction against further interference by defendants.

### Findings Which Leave Material Ambiguities May Require Reversal

Defendants' first contention is that the findings are so defective as to require reversal because the second clause of paragraph II under the heading "Findings of Fact," uses the terminology "averments of said answer and all of the allegations and averments of defendants' cross-complaint adverse to and inconsistent with plaintiff's complaint are untrue."

It is, of course, true that this type of language has been repeatedly disapproved because, standing alone and without any affirmative finding on all of the material and ultimate facts of the case, it leaves an ambiguity which the Appellate Court is not required to solve. (*Krug* v. *F. A. Lux Brewing Co.*, 129 Cal. 322 [61 P. 1125]; *Goodnow* v. *Griswold*, 68 Cal. 599 [9 P. 837]; *Kling* v. *Gustason*, 101 Cal.App. 58, 61 [3] [281 P. 407]; *Estate of Ramsey*, 107 Cal.App.2d 372, 374 [1a] [237 P.2d 20]; *Kaiser* v. *Mansfield*, 141 Cal.App.2d 428, 433 [2, 3] [297 P.2d 98].)

Thus, this language would be fatal and require reversal in the case here at bar unless the explicit affirmative findings made do, in fact and in law, fully cover the issues at bar.

### On Appeal On Judgment Roll Evidence Is Presumed Sufficient

First, it must be borne clearly in mind that because this is an appeal on the judgment roll alone, no question of the sufficiency of the evidence to support the findings is presented. Since, for purposes of the appeal, it must be presumed that whatever findings are made are fully supported by the evidence, only those deficiencies appearing on the face of the record will be considered. (*deVries* v. *Brumback*, 53 Cal.2d 643, 647 [5] [2 Cal.Rptr. 764, 349 P.2d 532]; *Borges Dusters, Inc.* v. *Southmost Aviation, Inc.*, 152 Cal. App.2d 25, 27 [1, 2] [312 P.2d 712]; *White* v. *Jones*, 136 Cal. App.2d 567, 569 [1, 2, 3, 4] [288 P.2d 913].)

As was said in *Warburton* v. *Kieferle*, 135 Cal. App.2d 278, 281 [2, 3] [287 P.2d 1]:

"Where an appeal has been taken on the judgment roll alone the findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made. (Citation.) The

findings should receive a liberal construction to uphold rather than to defeat the judgment."

IF FINDINGS ARE SUFFICIENT, FINDINGS ON SUBORDINATE ISSUES UNNECESSARY

■ Thus, where express findings are made which fully determine the cause, it is unnecessary to make specific findings on other subordinate or probative issues. (*Woodhead* v. *Wilkinson*, 181 Cal. 599, 602 [4] [185 P. 851, 10 A.L.R. 291]; *Duval* v. *Duval*, 155 Cal.App.2d 627, 631 [4] [318 P.2d 16].)

■ This is true even though the pretrial conference order set forth a special issue where the express finding made clearly decides that contention against the party appealing. (*Kux* v. *Cal-West Lumber Corp.*, 162 Cal.App.2d 500, 507 [3] [328 P.2d 240].)

There is therefore no error in failing to find on matters clearly covered by the express finding actually made. (*Barnes* v. *Persson*, 131 Cal.App.2d 515, 520 [4] [280 P.2d 821]; *Virtue* v. *Flynt*, 164 Cal.App.2d 480, 484 [2] [330 P.2d 879]; *Arsenian* v. *Meketarian*, 138 Cal.App.2d 627, 633 [8] [292 P.2d 293].) ■ A pleader is required to state in his complaint only the ultimate facts on which his cause of action is based. ■ The findings, likewise, need only state the ultimate facts found. The finding, therefore, of the truth of the ultimate facts alleged in a pleading that is sufficient is all that is required. (*Siquig* v. *West Coast Pickle Co.*, 161 Cal.App.2d 254, 258 [6, 7] [326 P.2d 596]; *McGuire* v. *San Diego Transit System*, 143 Cal.App.2d 509, 512 [2] [299 P.2d 905]; *Miller* v. *Pacific Pipeline Constr. Co.*, 138 Cal.App.2d 187, 192 [6] [291 P.2d 534]; *Fischer* v. *Ostby*, 127 Cal.App.2d 528, 531 [5] [274 P.2d 221]; *Gschwend* v. *Stoll*, 104 Cal.App.2d 806, 807-808 [1-3, 4] [232 P.2d 494].)

■ This being an action to quiet title, it was sufficient for plaintiff to allege, in simple language, that he is the owner and in possession, and that defendant claims an adverse interest without right. (*Williams* v. *City & County of San Francisco*, 24 Cal.App.2d 630, 633 [1] [76 P.2d 182]; *California-Michigan Land & Water Co.* v. *Fletcher*, 206 Cal. 392, 394 [1] [274 P. 527]; *Batt* v. *Stedman*, 36 Cal.App. 608, 612 [173 P. 99]; *Oakes* v. *Fernandez*, 108 Cal.App.2d 168, 170 [4] [233 P.2d 641]; *Singh* v. *Banes*, 129 Cal.App.2d 395, 399 [1] [277 P.2d 89]; *Rahlves & Rahlves, Inc.* v. *Ambort*, 118 Cal.App.2d 465, 476 [3, 4] [258 P.2d 18].)

From a very early time in our California jurisprudence, the making of findings on probative facts has been frowned upon and it has been consistently held that the only necessary finding is a finding on the ultimate facts. ██ In quiet title actions the complaint and the answer put the whole question of plaintiff's ownership and right of possession in issue. Hence, a cross-complaint, insofar as it refers to title, is surplusage and serves no purpose in the matter of defining the ultimate factual issue. Any special finding on the adverse claims of title of defendant set up by way of cross-complaint is unnecessary. (*Bank of America* v. *O'Shields,* 128 Cal.App. 2d 212, 218-219 [14, 15] [275 P.2d 153] ; *Wilson* v. *Madison,* 55 Cal. 5, 8; *Miller* v. *Luco,* 80 Cal. 257, 265 [5] [22 P. 195].) As was said in *Kramer* v. *Sanguinetti,* 33 Cal.App.2d 303, 311 [4] [91 P.2d 604] :

"It was not necessary for the court to adopt findings on the issues tendered by the cross-complaint for the reason that they were necessarily included in the issues presented by the complaint and the answer which were fully determined by the court. . . .

"Since the court specifically found that the plaintiff is the owner and entitled to possession of the entire mining claim described in the complaint, it is evident that further findings upon the issues raised by the cross-complaint would necessarily be adverse to the defendants. A multitude of authorities have determined that an appellant is not prejudiced by a failure to find upon issues which, in support of the judgment, would necessarily be adverse to him."

██ The only real function of a cross-complaint in the ordinary action to quiet title is to prevent plaintiff from dismissing his action before trial. Even the striking of a cross-complaint where the action goes to final judgment is without prejudice and the failure of plaintiff to answer the cross-complaint does not authorize a default judgment. (*Sormano* v. *Wood,* 179 Cal. 102, 104-105 [175 P. 451].)

██ Paragraph I under the title "Conclusions of Law" was, in reality, a finding of fact and the mere placing of that paragraph under such title did not make it any less a finding of ultimate fact. (*Lala* v. *Maiorana,* 166 Cal.App.2d 724 [333 P.2d 862] ; *Petersen* v. *Cloverdale Egg Farms,* 161 Cal.App.2d 792, 797 [2] [327 P.2d 127].)

## STATEMENTS OF COUNSEL NOT EVIDENCE

██ Both counsel have somewhat indulged themselves in the briefs in discussions pertaining to evidence. As has

heretofore been pointed out, evidentiary matters are not before this court on an appeal on the judgment roll alone (*Miller* v. *Pacific Pipeline Constr. Co., supra,* 138 Cal.App.2d 187, 191 [2] [291 P.2d 534], and such statements will be disregarded because they pertain to matters not contained in the record. (*Estate of Edwards,* 173 Cal.App.2d 705, 710 [5] [344 P.2d 89].)

From the foregoing, it is clear that the specific findings made by the court do, in fact, cover all necessary findings of ultimate fact, and the possible ambiguity which might have been created through the terminology complained of, if there had been no sufficient specific finding, may be disregarded. As was said by our Supreme Court in *Brewer* v. *Simpson,* 53 Cal.2d 567, 584 [6] [2 Cal.Rptr. 609, 349 P.2d 289] :

" ' [H]owever lame, however inconclusive, any number of the findings may be, if in any case there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest its judgment upon that finding, or those findings, and the others may and will be disregarded.' "

Other points are sufficiently covered by the foregoing.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.